**Mary Ann Carter RENNIE, Plaintiff–Appellant,**

v.

**H. Lawrence GARRETT III,[1] Secretary of the Navy, Defendant–Appellee.**

**No. 89–1932.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1989.

Decided Feb. 26, 1990.[2]

Richard L. Darst, Mantel, Cohen, Garelick, Reiswerg & Fishman, Indianapolis, Ind., for plaintiff-appellant.

Harold R. Bickham, Asst. U.S. Atty., Indianapolis, Ind., for defendant-appellee.

Before BAUER, Chief Judge, and CUMMINGS and CUDAHY, Circuit Judges.

CUMMINGS, Circuit Judge.

This appeal from the dismissal of a Title VII retaliation claim requires reevaluation of this Court's earlier holding in *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984). In *Sims* this Court held that a federal employee who fails to bring an employment discrimination claim to the attention of an Equal Employment Opportunity Counselor (EEO counselor) within thirty days of the alleged discriminatory conduct cannot invoke the jurisdiction of the federal courts. It is settled law that a federal court determining whether it has jurisdiction may look

---

1. Defendant Garrett has been substituted for defendant William Ball pursuant to Fed.R.Civ.P. 25(d)(1).

2. This opinion was circulated to all the judges in regular active service pursuant to Circuit Rule 40(f) because it overrules a prior decision of

this Court, *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984). None of the judges favored a rehearing *en banc.* Judges Flaum and Ripple took no part in consideration of the rehearing *en banc* question.

beyond the face of the plaintiff's complaint to resolve factual disputes. See, e.g., *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). Relying on these precedents, the district judge in the case under consideration dismissed a federal employee's Title VII retaliation claim for lack of subject matter jurisdiction, stating that he disbelieved the employee's allegation that she had timely brought that claim to the attention of an EEO counselor. Because this Court's holding in *Sims* has been rejected by the other circuits, and because of the apparent injustice produced by the combination of the holdings in *Sims* and *McNutt*, the decision in *Sims* is overruled and this case is remanded to the district court.

## I. Background

Mary Ann Carter Rennie was hired by the Navy at the Naval Avionics Center in Indianapolis, Indiana on March 19, 1982. Incident to her position as Electronics Mechanical Helper she was required to take and pass a solderfication course. She passed the written course examination, but was informed by her male instructor, J.J. Cafrelli, that she had failed the "practical portion" of the course. Rennie was subsequently discharged on or about May 8, 1982.

On September 5, 1986, Rennie filed a complaint in the United States District Court for the Southern District of Indiana alleging sex discrimination and harassment and retaliation on the part of her employer. With respect to sex discrimination and harassment the complaint alleged that her instructor Cafrelli had requested that she sit in the front row of the class, had addressed sexually oriented jokes to her, had touched her offensively on numerous occasions, and had graded her work lower than

other students when she failed to submit to his advances. The complaint also alleged that Rennie had complained about sex discrimination and harassment to the EEO counselor for the Naval Avionics Center on May 6, 1982. With respect to retaliation the complaint alleged that the defendant refused to place Rennie in another work position in retaliation for her complaint to the EEO counselor about sex discrimination and harassment. The complaint did not state that Rennie had returned to the EEO counselor after May 6, 1982, to complain about retaliation. On March 29, 1988, the district judge entered an order dismissing Rennie's retaliation claim, relying on the *Sims* requirement that a federal employee must exhaust administrative remedies, including a timely complaint to the EEO counselor, in order to invoke the jurisdiction of the federal courts. Rennie's sex discrimination and harassment claim is still before the district court but has been stayed pending disposition of this appeal.

On June 7, 1988, Rennie filed a second complaint. This complaint repeated the allegations of the first complaint and added an allegation that Rennie had consulted with an EEO counselor about her retaliation claim on May 11, 1982. This complaint also added a continuing discrimination claim.[3]

On March 2, 1989, the district judge entered an order dismissing this second complaint for failing properly to invoke the jurisdiction of the federal courts. The district court acknowledged that Rennie's second complaint properly alleged that she had brought her retaliation claim to the attention of an EEO counselor within the prescribed thirty-day period. The court relied on this Court's *Grafon* opinion, however, to look beyond the face of Rennie's complaint to determine the veracity of this allegation. The district court credited an affidavit submitted by the defendant dur-

---

**3.** The first complaint (IP 86–1082–C) and the second complaint (IP 88–652–C) were consolidated for trial purposes in a pre-trial entry dated October 25, 1988. In resolving the motion to dismiss the second complaint, the district judge relied on an affidavit submitted with the first complaint. In effect the district judge

seems to have treated the new allegations of the second complaint as timely amendments to the first complaint. We will do the same. This treatment is consistent with the provisions of 28 U.S.C. § 1653 that specifically authorize a complaint to be amended to establish federal jurisdiction.

ing the disposition of Rennie's first complaint to determine that Rennie had not in fact raised the subject of retaliation at the May 11, 1982, meeting with the EEO counselor. Having thus concluded that Rennie's retaliation claim was not timely presented to the EEO counselor, the district judge dismissed the second complaint in its entirety on jurisdictional grounds but left in effect the first complaint insofar as it was based on sex discrimination and harassment. On March 29, 1989, he entered an order stating that the dismissal of the second complaint was final, and Rennie's notice of appeal followed on April 28, 1989.

## II. Discussion

■ In 1964, Congress passed Title VII of the Civil Rights Act in an effort to secure equality of opportunity in employment regardless of race, color, religion, sex, or national origin. Title VII was amended in 1972 to extend the protection of the Act to employees of the federal government. A federal employee seeking relief under the current provisions of Title VII faces three separate time limits. The first two are imposed by the regulations promulgated under the authority of the statute and the third is imposed by the statute itself. Under the first, a federal employee must bring any complaint to the attention of an EEO counselor within thirty days of the occurrence of the conduct giving rise to the complaint. 29 C.F.R. § 1613.214(a)(1)(i). If the complaint cannot be resolved informally by the EEO counselor, then the federal employer will issue a notice of a right to file a complaint to be processed administratively. The second time limit provides that the federal employee must file a formal written complaint with the agency's Director of Equal Opportunity or other designated official within fifteen days after the receipt of the notice of a right to file a complaint. 29 C.F.R. § 1613.214(a)(1)(ii). The third time limit provides that any appeal to the federal district court of a department or agency disposition of a claim must be filed within thirty days of notice of final action taken by the department or agency. 42 U.S.C. § 2000e-16(c). This statutory section also provides that the complainant may file an appeal in federal district court within 180 days of the date on which the formal agency or department complaint was filed if the agency or department has failed to take action on the complaint. The first of these three time limits is at issue in this case. The Navy asserts that Rennie never complained to the EEO counselor about retaliation. Rennie's second pleading asserts that she complained to the counselor about retaliation on May 11, 1982.

The circuits have disagreed over whether these time limits should be construed as jurisdictional prerequisites to suit against the federal government or as statutes of limitations.[4] In the closely related area of administrative deadlines in suits against private employers, the Supreme Court has held that such administrative deadlines are not jurisdictional but function like statutes of limitations that are "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). All the other circuits considering the question have extended *Zipes* to cover suits against federal employers.[5] See, *e.g.*,

4. The Supreme Court has twice been asked to decide this question with respect to the third time limit that sets the deadline for filing suit in federal court. Certiorari has been denied over dissents in both cases. *Cooper v. United States Postal Serv.*, 740 F.2d 714 (9th Cir.1984) (failure to name proper party within time limit for filing suit in federal court defeats jurisdiction), certiorari denied, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (White, J., dissenting); *Stuckett v. United States Postal Serv.*, 732 F.2d 158 (7th Cir.1984) (unpublished opinion affirming district court's dismissal for lack of subject matter jurisdiction resulting from plaintiff's failure to

file federal suit within thirty-day filing deadline), certiorari denied, 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (White and Rehnquist, JJ., dissenting).

5. The Ninth Circuit and the Fifth Circuit have distinguished between missing a deadline prescribed by the regulations and missing the deadline for filing in federal court prescribed by the statute itself. These circuits have designated the former deadlines as statutes of limitations and the latter deadline as a jurisdictional prerequisite. See *Cooper v. Bell*, 628 F.2d 1208 (9th Cir.1980); *Hernandez v. Aldridge*, 866 F.2d 800

*Hornsby v. United States Postal Service,* 787 F.2d 87 (3d Cir.1986); *Zografov v. V.A. Medical Center,* 779 F.2d 967 (4th Cir. 1985); *Henderson v. United States Veterans Administration,* 790 F.2d 436 (5th Cir. 1986); *Boddy v. Dean,* 821 F.2d 346 (6th Cir.1987); *Warren v. Department of the Army,* 867 F.2d 1156 (8th Cir.1989); *Temengil v. Trust Territory of Pacific Islands,* 881 F.2d 647 (9th Cir.1989); *Martinez v. Orr,* 738 F.2d 1107 (10th Cir.1984); *Miller v. Marsh,* 766 F.2d 490 (11th Cir.1985); *Brown v. Marsh,* 777 F.2d 8 (D.C.Cir.1985). While the First and Second Circuits have yet to resolve this issue,[6] district courts in those circuits have extended *Zipes* to cases involving federal defendants. See *Neves v. Kolaski,* 602 F.Supp. 645 (D.R.I.1985); *DiMaggio v. United States Postal Service,* 643 F.Supp. 1 (D.Conn.1984).

In *Sims* the plaintiff was a federal employee who brought suit alleging racial discrimination in violation of Title VII. The district court dismissed the plaintiff's complaint for lack of jurisdiction on the ground that the plaintiff failed to comply with the thirty-day administrative deadline of 29 C.F.R. § 1613.214(a)(1)(i). This Court affirmed the dismissal and distinguished *Zipes* on the ground that suits against private employers do not raise the sovereign immunity concerns that arise in suits against the federal government. "Giving [Section 1613.214(a)(1)(i) ] the force and effect of law, we hold that it constitutes one of the terms of the sovereign's consent to be sued and, as such, defines the district court's jurisdiction." *Sims,* 725 F.2d at 1146. When *Sims* was decided, no other circuit court had explicitly considered sovereign immunity concerns in construing Title VII's time limits. In the meantime, however, several courts have explicitly sub-

ordinated sovereignty concerns to the goals of Title VII. See, *e.g., Johnson v. Burnley,* 887 F.2d 471 (4th Cir.1989), rehearing granted *en banc,*1989 WL 115736, 1990 U.S.App. LEXIS 350; *Mondy v. Secretary of the Army,* 845 F.2d 1051 (D.C.Cir.1988); *Boddy v. Dean,* 821 F.2d 346 (6th Cir.1987); *Malave v. Bolger,* 599 F.Supp. 221 (D.Conn. 1984); *Curry v. United States Postal Service,* 583 F.Supp. 334 (S.D.Ohio 1984). In *Johnson* the Fourth Circuit explicitly rejected *Sims,* stating, "Congressional intent determines whether sovereign immunity will apply in suits against the federal government, and ... Congress clearly intended that federal employees receive the same rights to sue under Title VII as private sector workers." 887 F.2d at 478. This language is consistent with pertinent legislative history of Title VII. Thus the House Report accompanying the 1972 amendments to Title VII states: "[T]here can exist no justification for anything but a vigorous effort to accord Federal employees the same rights and impartial treatment which the law seeks to afford employees in the private sector." H.R.Rep. No. 238, 92d Cong., 2d Sess., reprinted in 1972 U.S.Code Cong. & Ad.News 2137, 2158.

This Court's decision in *Sims* has two consequences for the resolution of the dispute at issue here. The first consequence of viewing the thirty-day regulatory time limit as a jurisdictional prerequisite is that equitable principles such as waiver, estoppel, and tolling, which can excuse the running of a statute of limitations, will be inapplicable. This consequence may be of limited practical significance because the regulations include two explicit exceptions that excuse late complaints to the EEO counselor.[7] It is likely that these excep-

---

(5th Cir.1989). See also Note, *Equitable Tolling of Title VII Time Limits in Actions Against the Government,* 74 Cornell L.Rev. 199 (1988) (comprehensive argument in support of this distinction). Since the case under consideration involves only the regulatory deadline for complaining to the EEO counselor, resolution of whether a different standard should apply to the statutory deadline for filing suit in federal court is left for another day.

6. In *Rys v. United States Postal Serv.,* 886 F.2d 443, 446 (1989), the First Circuit discussed but did not take a position on the disagreement among the circuits over whether equitable principles could excuse a late filing under 42 U.S.C. § 2000e–16(c) of a Title VII suit against the government in federal court. As stated in n. 5 *supra,* that problem is not before us in this case.

7. These exceptions are contained in 29 C.F.R. § 1613.214(a)(4), which provides:

tions would excuse late complaints under most of the same circumstances that such delay would be excused by waiver, estoppel, or tolling. This Circuit has expressly applied these exceptions to excuse late complaints to an EEO counselor. See *Kontos v. United States Department of Labor,* 826 F.2d 573 (1987); *Wolfolk v. Rivera,* 729 F.2d 1114 (7th Cir.1984).

The second consequence of viewing the time limits as jurisdictional is that such a characterization permits a judge faced with a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to look beyond the face of the plaintiff's complaint to resolve factual disputes. This is what Judge Steckler did in this case.

*Sims* involved a number of different complaints to the EEO counselor, most of which were undisputedly brought to the counselor's attention after the regulatory deadline. The district court did, however, resolve against the plaintiff a factual dispute about the content of three alleged complaints. In affirming, this Court found that factual determination to be "appropriate," but did not discuss that aspect of its affirmance.

It appears that only the Third Circuit in *Hornsby v. United States Postal Service,* 787 F.2d 87 (1986), has specifically focused on this issue. In *Hornsby* the plaintiff and the federal agency disagreed about whether the plaintiff had received a notice triggering the running of the time limit set forth in 42 U.S.C. § 2000e–16(c) for filing suit in federal court. The district court held that the time limit was jurisdictional and looked beyond the face of the plaintiff's complaint to resolve this factual dispute in favor of the government agency. Accordingly, the district court granted the government's motion to dismiss the suit for lack of subject matter jurisdiction. On appeal, the Third Circuit held that the time limit was in the nature of a statute of limitations and was not jurisdictional.

*Hornsby,* 787 F.2d at 89. The court further held that the *McNutt* rule permitting a court faced with a Rule 12(b)(1) motion to dismiss to look beyond the face of the plaintiff's complaint and resolve factual disputes[8] was therefore inapplicable. *Id.*

Since *Sims* involved primarily issues of undisputed fact, the procedural ramifications of the decision to ascribe jurisdictional significance to the administrative deadline in 29 C.F.R. § 1613.214(a)(1)(i) were not squarely before the *Sims* Court. Furthermore, since *Sims* was decided, all of the other circuits considering the matter, as well as the district courts in the First and Second Circuits, have rejected the holding in *Sims.* In addition, as shown above, several courts have specifically acknowledged the sovereign immunity concerns raised in *Sims* and have nevertheless extended the Supreme Court's holding in *Zipes* to cases against the federal government.

We are of course reluctant to overrule a previous decision upon which litigants and the district courts of this Circuit have justifiably relied. It appears, however, that the result reached by the district court in this case was not anticipated by the *Sims* Court. Furthermore, the arguments of the courts that have subordinated sovereignty concerns to the goals of Title VII are buttressed by the Supreme Court's analysis in *Zipes.* In permitting equitable tolling for privately employed plaintiffs, the Supreme Court in *Zipes* relied in part on the legislative history of the 1972 amendments that extended Title VII protection to federal employees. That history, the Court noted, referred to the administrative filing deadlines as "time limitations." 455 U.S. at 394–395, 102 S.Ct. at 1133–1134. Furthermore, nothing in the amendments indicates that Congress intended to make a timely complaint to an EEO counselor a prerequisite to federal court jurisdiction. Rather, Title VII as amended merely requires that federal plaintiffs exhaust their administra-

---

The agency shall extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency.

8. See *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780.

tive remedies before filing their claims in federal court.

Moreover, a decision to construe the administrative deadlines as jurisdictional would not only deprive federal employees of the equitable tolling arguments available to private sector employees, but would also subject federal employees to summary dismissals resulting from factual determinations that judges are prohibited from making in private sector cases. Such a discrepancy in procedural treatment alone cannot have been within the contemplation of Congress in enacting amendments whose purpose was to "accord Federal employees the same rights and impartial treatment which the law seeks to afford employees in the private sector." H.R.Rep. No. 238, 92d Cong., 2d Sess., reprinted in 1972 U.S.Code Cong. & Ad.News 2137, 2158. Therefore, because we do not believe Congress intended the anomalous result left open by our decision in *Sims,* we overrule *Sims* and hold that the administrative deadline contained in 29 C.F.R. § 1613.214(a)(1)(i) should be construed as a statute of limitations and not as a jurisdictional prerequisite.

### III. Disposition

The decision to construe the administrative deadline contained in 29 C.F.R. § 1613.214(a)(1)(i) as a statute of limitations and not as a jurisdictional prerequisite does not mean that Rennie will necessarily prevail. On remand, however, Rennie's complaint must be treated in the same manner as a complaint against a private employer. The consequences of that treatment are threefold. First, the district court will be prohibited from looking beyond the face of Rennie's complaint to resolve factual disputes. Second, if in the normal course of the proceedings, allowing for full development of the parties' arguments, the district court does determine

that Rennie did not raise the issue of retaliation at the May 11, 1982, meeting with the EEO counselor, then Rennie must be allowed to offer equitable arguments to excuse her failure to comply with the deadline. Third, the district court must consider the position taken by several courts in cases against private defendants, that a complaint (such as the retaliation complaint at issue here) which is reasonably related to or arises out of an already filed discrimination complaint does not need to be separately presented to the EEO counselor.[9] See, *e.g., Babrocky v. Jewel Food Co. & Retail Meatcutters Union,* 773 F.2d 857, 864 (7th Cir.1985) (all discrimination claims "like or reasonably related to" the reported claim are cognizable); *Gottlieb v. Tulane University of Louisiana,* 809 F.2d 278, 284 (5th Cir.1987) (plaintiff need not exhaust administrative remedies before advancing a retaliation claim growing out of an earlier discrimination claim); *Turner v. Orr,* 804 F.2d 1223, 1226 (11th Cir.1986) (scope of an EEOC complaint should not be strictly interpreted).

This willingness to proceed without a separate report to an EEO counselor of alleged retaliatory conduct occurring after an original complaint to that counselor is properly grounded in the belief that the inability of the parties to resolve the original complaint is likely to make future complaints futile. See, *e.g., Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984) (per curiam) ("The rationale behind these decisions is that once the EEOC has tried to achieve a consensual resolution of the complaint, and the discrimination [or retaliation] continues, there is minimal likelihood that further conciliation will succeed.").

### IV. Conclusion

We hold that the administrative deadline requiring a federal employee to bring a

---

9. In *Mason v. Pierce,* 774 F.2d 825, 829 (7th Cir.1985), this Court relied on *Sims* to hold that a separate complaint to an EEO counselor regarding discriminatory retaliation was a "pre-condition to filing a civil action in federal court...." In *Mason,* unlike here, the plaintiff did not dispute that she failed to bring her retaliation complaint to the attention of the

EEO counselor. Therefore, the designation of the time limit as a "pre-condition" in *Mason* did not result in a premature resolution of a factual dispute. Nevertheless, to the extent that the holding in *Mason* treats the time limit as jurisdictional, *Mason* is overruled in view of its reliance on *Sims.*

retaliation complaint to the attention of an EEO counselor within thirty days of the conduct giving rise to the complaint should be construed as a statute of limitations and not as a jurisdictional prerequisite. Accordingly, the judgment of the district court is reversed and the case is remanded to permit the plaintiff to go forward with the second complaint and prove that she either brought the retaliation claim to the EEO counselor's attention within thirty days of the alleged retaliation or fell within an equitable exception.