Yvonne M. McGINTY,
Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF the ARMY and its Secretary, John O. Marsh, Jr., Defendants–Appellees.

No. 88–2534.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 6, 1989.
Decided April 25, 1990.

Michael K. Havrilesko, Rockford, Ill., for plaintiff-appellant.

James T. Zuba, Asst. U.S. Atty., Rockford, Ill., for defendants-appellees.

Before BAUER, Chief Judge,
CUDAHY and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Yvonne M. McGinty was employed by the United States Department of the Army at the Savannah Army Depot in Savannah, Illinois, as a temporary clerk-typist from January 24, 1983, through January 23, 1984. During her term of employment, McGinty was denied a promotion to a position of permanent employment with the Army. On May 11, 1984, McGinty filed a *pro se* formal administrative complaint against the Army alleging age discrimination. She was 66–years old when the alleged discrimination occurred. On April 21, 1986, the Army notified McGinty by letter that the information in her complaint had been evaluated and it had been concluded that she was not discriminated against because of her age. The letter stated, "An appeal may be filed with the Equal Employment Opportunity Commission within *20 calendar days* of receipt of this decision. The appeal must be postmarked or, in the absence of a postmark, received by the Commission within 20 calendar days of the date or receipt of this decision." McGinty did not file an appeal with the EEOC within the 20–day period.

On January 2, 1987, McGinty filed a complaint in federal district court (*"McGinty I"*) alleging that she was discriminated against by the Army on the basis of her age in violation of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The Army filed a motion to dismiss this complaint for failure to exhaust administrative remedies. On August 27, 1987, the district court dismissed *McGinty I* for lack of subject matter jurisdiction. The district court held that once a party has chosen the administrative remedy for an age discrimination claim, that remedy must be exhausted prior to filing a complaint in the district court. The case was dismissed because McGinty did not appeal the agency's final decision to the

EEOC and did not state an excuse for this failure to appeal.

While the motion to dismiss was pending in federal court, McGinty filed an appeal of the agency's final decision with the EEOC. On September 10, 1987, the EEOC dismissed McGinty's appeal because it was not filed within 20 days of the final agency decision and because no justification was given for extending the filing period beyond the 20–day time limit. The EEOC issued her a notice of right to file a civil action.

On September 21, 1987, McGinty filed a motion with the district court requesting reconsideration of the order dismissing *McGinty I.* Before the district court could rule on this motion, McGinty filed a notice of appeal of the initial dismissal on September 24, 1987. On November 23, 1987, the district court attempted to grant the plaintiff's motion to reconsider its decision to dismiss *McGinty I* in light of the EEOC's dismissal of her appeal of the agency decision. However, the district court did not have jurisdiction over the matter because a notice of appeal had been filed. *See Asher v. Harrington,* 461 F.2d 890, 895 (7th Cir. 1972); 7 Moore's *Federal Practice* ¶ 60.30[2] (2d ed.1985). Therefore, McGinty filed a motion to remand on December 3, 1987, and this court entered an order on December 9, 1987 granting the motion to remand.

In the meantime, on October 13, 1987, McGinty had filed a second suit in federal district court ("*McGinty II*") against the Army, again alleging age discrimination. The Army filed a motion to dismiss *McGinty II* for failure to exhaust administrative remedies. The district court dismissed *McGinty II* on June 29, 1988, for lack of subject matter jurisdiction because of failure to comply with the administrative time limits. On the same day, the district court denied the motion to reconsider the dismissal of *McGinty I.* McGinty appeals the dismissal of both cases.

## I.

The ADEA was enacted in 1967 and generally prohibits certain employers from discriminating, on the basis of age, against employees over the age of 40. 29 U.S.C. § 621 *et seq.* In 1974, § 633a, relating to age discrimination in federal government employment, was added to the ADEA. It provides:

> All personnel actions affecting employees or applicants for employment who are at least 40 years of age ... in military departments as defined in [5 U.S.C. § 102, which includes the Department of the Army] ... shall be made free from any discrimination based on age.

29 U.S.C. § 633a(a).

The applicable regulations are set forth in 29 C.F.R. § 1613.501 *et seq.* Section 1613.513, as applicable to this case, provides:

> The filing of a civil action by an employee or applicant does not terminate agency processing of a complaint or Commission processing of an appeal under this subpart.

29 C.F.R. § 1613.513 (1987).[1] Section 1613.514 explicitly makes the sections of the regulations that do not require full exhaustion [§§ 1613.281 and 1613.282] inapplicable to the ADEA.

### A. *McGinty I*

*McGinty I* was filed after the agency denied her complaint and the 20–day time limit had expired, but before she appealed to the EEOC. Thus, we must decide whether the statute and regulations require exhaustion of administrative remedies. We find that they do, and affirm the dismissal of *McGinty I.*

■ Certainly, a federal employee claiming discrimination under the ADEA has two alternatives when commencing her claim. A suit may be filed in federal dis-

---

1. This section was amended to provide that the filing of a civil action terminates the processing of an administrative complaint. 29 C.F.R. § 1613.513 (1989); 52 Fed.Reg. 41,930, Oct. 30, 1987. The effective date for the amendment to § 1613.513 was November 30, 1987, and is applicable only where the civil action was filed after the effective date. 52 Fed.Reg. 41,920 (1987). *See Bornholdt v. Brady,* 869 F.2d 57, 63 (2d Cir.1989).

trict court after giving the EEOC 30 days' notice of intent to sue. 29 U.S.C. § 633a(d). In the alternative, an agency complaint may be filed and, after final disposition on the merits by the EEOC, a claimant may file suit in federal district court. 29 U.S.C. § 633a(c). The question here is whether the claimant may begin in the administrative procedure and before it is completed, abandon it for a suit in federal court. While the statute and regulations do not explicitly answer this question, we agree with the circuits that have found administrative remedies, once initiated, must be exhausted before a suit may be filed. *Purtill v. Harris,* 658 F.2d 134, 138 (3rd Cir.1981), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983); *Castro v. United States,* 775 F.2d 399, 404 (1st Cir.1985); *Rivera v. United States Postal Serv.,* 830 F.2d 1037 (9th Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *Bornholdt v. Brady,* 869 F.2d 57, 63 (2d Cir.1989). *Contra Langford v. United States Corps of Engineers,* 839 F.2d 1192, 1194–95 (6th Cir. 1988).

In *Purtill,* after noting the absence of a provision in the ADEA allowing suit in district court before the issuance of a final decision by the EEOC, the Third Circuit stated:

> [I]n addition to evident Congressional intent we note pragmatic, prudential reasons for [an exhaustion] requirement. Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient claimant could take his claim to court and abort the administra-

tive proceedings. Moreover, such a course would unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation and conciliation.

658 F.2d at 138. This rationale is applicable here. Thus, the district court properly dismissed *McGinty I* for lack of subject matter jurisdiction because of failure to exhaust administrative remedies.

### B. *McGinty II*

 *McGinty II* was filed after the EEOC had dismissed McGinty's appeal of the agency decision because she failed to appeal within the 20–day time limit and did not state an adequate excuse for such failure. We must decide whether the dismissal of her agency complaint for failure to comply with the administrative time limit bars her suit in federal court. We find that it does and affirm the dismissal of *McGinty II.*

The time limit for filing a notice of appeal to the EEOC, as set forth in 29 C.F.R. § 1613.233 [2], is 20 days. McGinty was made aware of the 20–day time limit in the Department of the Army's final decision. The EEOC determined that McGinty failed to submit adequate justification for extending the filing period.

In *Kontos v. United States Dep't. of Labor,* 826 F.2d 573 (7th Cir.1987), the plaintiff filed an age discrimination complaint against the Department of Labor after the expiration of a 30–day time limit set forth in the applicable section of the regulations. *Id.* at 575. The agency ruled against the plaintiff because he did not file within the time limit. *Id.* The EEOC, on appeal, summarily affirmed. *Id.* The plaintiff then filed suit in federal district

---

**2.** 29 C.F.R. § 1613.223 reads:

(a) except as provided in paragraph (c) of this section, a complainant may file a notice of appeal at any time up to 20 calendar days after receipt of the agency's notice of final decision on his or her complaint. An appeal shall be deemed filed on the date it is postmarked, or, in the absence of a postmark, on the date it is received by the Commission.

. . . . .

(c) the 20–day time limit within which a notice of appeal must be filed will not be extend-

ed by the Commission unless, based upon a written statement by the complainant showing that he or she was not notified of the prescribed time limit and was not otherwise aware of it or that circumstances beyond his or her control prevented the filing of a notice of appeal within the prescribed time limit, the Commission exercises its discretion to extend the time limit and accept the appeal.

court, and the government moved to dismiss for failure to file a timely agency claim. *Id.* The district court held that the complaint was time-barred and the court therefore was deprived of subject matter jurisdiction. *Id.* On appeal, this court held that the time limits for the filing of an initial agency complaint were jurisdictional. *Id.* at 576. We explained, "In *Simms v. Heckler,* 725 F.2d 1143 (7th Cir.1984), this court held, based on considerations of sovereign immunity, that the time limits for filing employment discrimination claims against the federal government create a prerequisite to federal court jurisdiction." *Kontos,* 826 F.2d at 576.

■ *Simms* involved a discrimination claim brought under Title VII. We recently overruled *Simms* and held that sovereign immunity concerns should be subordinated to the goals of Title VII, and federal employees should be afforded the same treatment private employees were given in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), which held that administrative deadlines in suits against private employers are not jurisdictional but function like statutes of limitations. *Rennie v. Garrett,* 896 F.2d 1057, 1059 (7th Cir.1990). If the administrative deadlines are treated like statutes of limitations then equitable principles such as waiver, estoppel, and tolling, are applicable and a judge cannot look beyond the face of the plaintiff's complaint to resolve factual disputes.

We need not decide whether the holding of *Rennie* would require the ADEA administrative deadlines to be treated like statutes of limitations rather than jurisdictional prerequisites because McGinty's complaint must be dismissed under either analysis. Here, there are no factual disputes which need to be resolved as the parties agree on the basic facts.

■ If the administrative time requirements are jurisdictional (because the sovereign immunity considerations are applicable here), then it is clear that the plaintiff did not meet them and subject matter jurisdiction does not exist. *See Kontos,* 826 F.2d at 576. Similarly, if the administra-

tive time requirements are statutes of limitations, then on the face of her complaint McGinty has failed to state an equitable defense to her failure to comply with the limitations period. The only allegation in this regard contained in the complaint was that the Army, in its final decision denying her agency complaint, misrepresented her appeal rights by failing to inform her of the time limits in which to file a suit in federal district court. However, because there were no appeal rights to federal court at that time (as indicated in Part IA), the complaint did not allege a basis for equitable intervention. Thus, the district court properly dismissed *McGinty II.*

### C. De Novo Review

■ McGinty also claims that she is entitled to a *de novo* hearing in federal court on her claims under *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). In *Chandler,* the Court held that a federal employee has the same right to a trial *de novo,* after an administrative determination on the merits, as an employee in the private sector or a state government employee. *Id.* at 864, 96 S.Ct. at 1961. However, the Court was not presented with a plaintiff who failed to meet a jurisdictional time limit. Thus, *Chandler* is not applicable to this case because a federal court does not have the power to reach the merits of a claim if it does not have subject matter jurisdiction. *Rice v. Rice Found.,* 610 F.2d 471, 474 (7th Cir.1979). The district court properly reviewed *de novo* whether McGinty met the time limit for filing her appeal. After the court determined the time limit was not met, it concluded that it did not have jurisdiction to reach the merits. It was not required to perform any other review.

### II.

For the reasons stated above, we AFFIRM the dismissals of *McGinty I* and *McGinty II.*

CUDAHY, Circuit Judge, dissenting:

The issue in *McGinty I* is whether the ADEA requires the exhaustion of adminis-

trative remedies once the administrative process has been invoked. The majority holds that it does. I respectfully disagree. Nothing in the relevant statute or regulations leads directly to the conclusion that a claimant's initial decision to pursue administrative remedies is irrevocable. *See Langford v. U.S. Army Corps of Engineers*, 839 F.2d 1192 (6th Cir.1988). Moreover, from a policy standpoint, it makes no sense to hold an *age discrimination* claimant, of all people, to her initial decision to pursue administrative remedies when the administrative process, as in this case, proves to be slow as a turtle. If, by the time relief arrives, the claimant is dead or close to it, the effort to obtain relief has unarguably been futile. With respect to *McGinty I,* I therefore respectfully dissent.

In addition, with respect to *McGinty II,* the logic of *Rennie v. Garrett,* 896 F.2d 1057, 1059 (7th Cir.1990), should require ADEA administrative deadlines to be treated like statutes of limitations. I would so hold in this case, although this would not change the result since, as the majority notes, no sufficient equitable defense has been raised to the dismissal based on late filing of the administrative appeal.