Girish A. PATEL, Plaintiff,

v.

Edward DERWINSKI, Secretary of Department of Veterans Affairs, Earl N. Hill, Director of the V.A. Supply Depot, Defendants.

No. 90 C 6629.

United States District Court,
N.D. Illinois, E.D.

Nov. 26, 1991.

Armand L. Andry, Oak Park, Ill., for plaintiff Girish A. Patel.

Madeleine Murphy, Asst. U.S. Atty., Chicago, Ill., for defendants Edward Derwinski and Earl N. Hill.

## MEMORANDUM OPINION AND ORDER

ILANA DIAMOND ROVNER, District Judge.

## I. INTRODUCTION

[1] Plaintiff, Girish A. Patel ("Patel") brought this action against defendants, Edward Derwinski ("Derwinski"), the Secretary of the Department of Veteran Affairs (the "VA"), and Earl N. Hill ("Hill"), the Director of the Veteran's Affairs Supply Depot (the "Depot") in Hines, Illinois pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–16 ("count I"), and the first amendment to the United States Constitution ("count II"). Plaintiff filed the instant action on November 14, 1990. He alleges that the VA dis-

criminated against him on the basis of his national origin. Furthermore, Patel alleges that the VA violated his first amendment right to freedom of association. Defendants Derwinski and Hill have moved to dismiss Hill as a defendant in count I.[1] Defendants also have moved to dismiss both the Title VII and first amendment claims for lack of subject matter jurisdiction and count II for failure to state a claim upon which relief can be granted. In the alternative, defendants have moved for summary judgment. For the reasons set forth below, defendants' motion to dismiss will be granted. Counts I and II of plaintiff's first amended complaint will be dismissed with prejudice.

## II. FACTS

For purposes of defendants' motion to dismiss, the Court accepts as true the factual allegations in the first amended complaint and views those allegations in the light most favorable to plaintiff. *Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990); *see also Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 733 (7th Cir.1986), *cert. denied*, 482 U.S. 915, 107 S.Ct. 3188, 96 L.Ed.2d 676 (1987). Thus, the facts recited herein are those alleged in plaintiff's complaint. Plaintiff is a citizen of the United States of East Indian ancestry. He was hired as an assistant chief of the cataloging division of the Depot in January, 1989. In December 1989, plaintiff was informed that his employment at the Depot would be terminated. On behalf of plaintiff, Hill then spoke to plaintiff's supervisor and the chief of the Depot's personnel division about other possible employment opportunities at the Depot. However, on January 2, 1990, Hill learned that plaintiff had told African–American employees at the Depot that "they were being targeted for adverse job actions." Hill purportedly then informed Patel that

1. Defendants' motion to dismiss Hill will be granted. Patel has not challenged defendants' assertion that the only proper defendant to an action brought by a federal employee under Title VII is the head of the agency whose employment practices are challenged. *See* 42 U.S.C. § 2000e–16(c); *see also McGuinness v.*

*United States Postal Service*, 744 F.2d 1318, 1322 (7th Cir.1984). Therefore, Derwinski, as the Secretary of the VA, is the only proper defendant in plaintiff's complaint. Accordingly, Hill, named in his capacity as the director of the local depot, will be dismissed.

such conduct would foreclose any further employment opportunities in either the public or private sector. Patel alleges that after January 2, 1990, he was not considered for alternate positions at the Depot. Other Depot employees, however, whose jobs also were terminated but who had not engaged in similar conduct with African–American employees were provided lower grade positions at the Depot. As a result, plaintiff alleges that the VA's decision to terminate him and to deprive him of the opportunity to obtain an alternate position was based on his national origin and his association with African–American employees. Defendants' actions, therefore, purportedly were in violation of Patel's civil rights and of his right to freedom of association under the first amendment.

Plaintiff alleges that on or about January 25, 1990, he filed charges of discrimination with Andrei Cooper ("Cooper"), a counselor with the Equal Employment Opportunity Commission ("EEOC").[2] By that allegation, Patel purportedly refers to a letter dated January 25, 1990, which was addressed to Hill, the EEO officer for the Depot, with a copy forwarded to Cooper. In that letter, Patel alleged that officials at the Depot had discriminated against him due to his national origin and sex because he is an "Asian Indian Male." (*See* Defendants' Mem.Ex. 8). Moreover, Patel also charged that his discharge was a "reprisal to [his] 'Whistle Blowing' actions." (*Id.*)

Patel's letter of January 25 eventually led to a letter from Cooper to Patel dated May 12, 1990. (*See* Defendants' Mem.Ex. 9) This letter, headed "Notice of Final Interview with EEO Counselor" (the "Notice"), explained that a final counseling interview was held concerning Patel's claims. The letter also outlined the procedure for filing a formal complaint with the appropriate EEO official at the VA. Specifically, the Notice provided that Patel was required to file a formal complaint of discrimination "within 15 calendar days after receipt of this notice." (*Id.*) There is a dispute between the parties as to when Patel received this Notice. In a letter to the VA's EEO office dated October 25, 1990, Patel claims to have received the letter on October 18, 1990, although the letter itself is dated May 12, 1990. (*See* Defendants' Mem.Ex. 11.) Defendants apparently contend that the Notice was issued on May 12, 1990, and therefore, it should have been received by Patel shortly thereafter. For purposes of the pending motion to dismiss, the Court will resolve this factual dispute in Patel's favor and will assume that plaintiff received the letter in October, rather than May, 1990. After receiving the Notice, Patel then sent his October 25, 1990 letter to the VA. (Defendants' Mem.Ex. 11.) In addition to outlining the above problems with his receipt of the Notice, plaintiff's letter also set out the events which formed the basis for his claim of discrimination. Moreover, Patel wrote that "[b]y this letter I am filing my complaint with you, just to comply [with the] 15 day deadline" set out in the Notice. (*Id.* at 4.) Less than one month later, on November 14, 1990, plaintiff filed the present lawsuit in this Court.

After Patel made formal complaint to the agency and after he filed this lawsuit in

---

**2.** Plaintiff also alleges that in October 1990, he again contacted the EEOC to complain of discrimination undertaken in response to his actions in aiding African–American employees. (Complaint ¶ 14.) Moreover, Patel alleges that the EEOC has taken no final action with respect to his charges of either discrimination or retaliation and that over 180 days have passed since their filing. (*Id.* at ¶¶ 1, 15.) In addressing the issue of the Court's subject matter jurisdiction, however, which is raised by defendants in their motion to dismiss count I, the Court is not limited to the jurisdictional allegations in plaintiff's complaint when defendants have successfully raised a factual issue with respect to the Court's jurisdiction. Instead, the Court may

"properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184, 56 S.Ct. 780, 783, 80 L.Ed. 1135 (1936); *Rennie v. Garrett*, 896 F.2d 1057, 1057–58 (7th Cir. 1990). For the reasons discussed *infra*, at 1453–54, the Court finds that the exhaustion issue presented here is jurisdictional in nature. Thus, the Court may look beyond the allegations of plaintiff's complaint to determine whether plaintiff in fact has exhausted his administrative remedies.

federal court, he received a letter dated January 22, 1991 from Gerald P. Tognetti, Director of the Discrimination Complaints Service at the VA, which acknowledged receipt of Patel's complaint and stated that the complaint would be referred to Hill for further review. (*See* Plaintiff's Mem.Ex. L.) In two separate letters dated January 22, 1991, Hill notified Patel that his complaint was being reviewed for acceptability. One letter included a detailed description of the administrative procedures that would be followed upon either acceptance or rejection of the complaint by the agency. (*Id.*) This letter stated that if the VA failed to issue a final decision on Patel's complaint within 180 days of its filing, Patel would be entitled to file a lawsuit in the appropriate United States district court. (*Id.*) The other letter of the same date informed Patel that although Hill viewed the complaint as untimely, he had forwarded it to the Office of the General Counsel for a "formal agency decision of acceptability." (*Id.*) The Court is unaware if any further action has been taken on plaintiff's complaint before the agency.[3]

### III. ANALYSIS

*A.  Count I—Exhaustion of Administrative Remedies.*

Defendants base their exhaustion argument on a number of alternative grounds. First, they claim that Patel failed to file a formal complaint within fifteen days of receipt of the Notice. In addition, they contend that Patel's October 25 letter does not meet the requirements for a formal complaint. They also assert that plaintiff's January 25 letter cannot be considered a formal complaint, and that even if it were, Patel failed to consult with an EEO counselor prior to filing the complaint. Finally, defendants contend that even if the October 25 letter is considered a formal complaint, Patel failed to wait 180 days after

filing that grievance to initiate the instant lawsuit in this Court. According to defendants, therefore, Patel has failed in several ways to exhaust his administrative remedies, thus depriving this Court of subject matter jurisdiction over his Title VII claim. In resolving defendants' motion, the Court will focus only on defendants' final exhaustion argument. The Court finds that plaintiff's action is premature and that the Court therefore lacks subject matter jurisdiction over the Title VII claim.

■ In response to defendants' exhaustion arguments, plaintiff contends that the Court must accept the averments of his first amended complaint, specifically that 180 days passed without a final agency decision on the January 25, 1990 complaint. Therefore, plaintiff maintains that he exhausted his administrative remedies and that this Court has subject matter jurisdiction over his Title VII claim. (*See* Plaintiff's Mem. at 2–3; *see also* Complaint ¶ 1) Defendants counter that when a court considers a motion to dismiss for lack of subject matter jurisdiction, it may properly resolve disputed jurisdictional questions by looking beyond the allegations of the complaint. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184, 56 S.Ct. 780, 783, 80 L.Ed. 1135 (1936); *Rennie v. Garrett*, 896 F.2d 1057, 1057–58 (7th Cir. 1990); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979). Defendants particularly take issue with the allegation that 180 days passed after the filing of the complaint with the agency, contending that less than one month passed between the filing of the October 25 complaint and the initiation of this lawsuit. For the reasons discussed below, the Court agrees with defendants that it may resolve this dispute by looking beyond the allegations of plaintiff's complaint. The 180–day waiting period required by 42 U.S.C. § 2000e–16(c) and 29 C.F.R. § 1613.281(b) is a jurisdictional pre-

---

**3.** On November 12, 1991, plaintiff filed a motion for leave to amend his first amended complaint. In that motion, plaintiff requested leave to amend his complaint to add prayers for compensatory and punitive damages, as well as a jury demand pursuant to the recent amendments to the Civil Rights Act. Given the Court's

resolution of defendants' motion to dismiss, the motion to amend the complaint will be denied as moot. The proposed amendments would have no bearing on the Court's conclusion that plaintiff has failed to exhaust his administrative remedies.

requisite to the filing of a lawsuit in federal court. Accordingly, in analyzing its jurisdiction, the Court is not limited to the allegations in plaintiff's complaint.

■ It is well-settled that aggrieved employees seeking to advance Title VII claims in federal court must first exhaust their available administrative remedies. *Brown v. General Services Administration*, 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *Rennie*, 896 F.2d at 1061–62. Unless the administrative process is exhausted according to the applicable statutes and regulations, the Court generally is without jurisdiction to act. *See Tolbert v. United States*, 916 F.2d 245, 247–48 (5th Cir.1990). A jurisdictional issue presented by defendants' motion which the parties do not address, however, is the impact of the Seventh Circuit's decision in *Rennie* on the way in which the Court should analyze the present motion. In *Rennie*, the Court of Appeals reversed its earlier decision in *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984), and held that the thirty-day time limitation imposed by 29 C.F.R. § 1613.214(a)(1)(i) for consulting with an EEO counselor was in the nature of a statute of limitations and that it was not a prerequisite to federal court jurisdiction. *Rennie*, 896 F.2d at 1062. When compliance with the applicable regulation presents a statute of limitations, rather than a jurisdictional issue, a district court is prohibited from looking beyond the face of plaintiff's complaint in order to resolve factual disputes relating to the exhaustion issue. *Id.* *Rennie* does not control the instant case, however. The 180–day waiting period at issue here cannot similarly be construed as a statute of limitations because 29 C.F.R. § 1613.281(b) does not require that any action be taken by a date certain; instead, that regulation forbids the filing of a lawsuit until the expiration of the requisite waiting period. Thus, compliance with the applicable waiting period is a prerequisite to federal court jurisdiction and is not in the nature of a statute of limitations. *See Tolbert*, 916 F.2d at 247–48. Accordingly, in determining whether the jurisdictional requirement has been satisfied, the Court is entitled to look beyond the allegations of plaintiff's complaint. *See Rennie*, 896 F.2d at 1057–58.[4]

■ Having decided that it is not bound by the allegations in plaintiff's complaint, the Court's first task is to determine when plaintiff filed his formal complaint with the agency so as to commence the running of the 180–day period. Patel contends that the clock began to run on January 25, 1990, when he sent a letter complaining of discrimination to Hill and Cooper. According to Patel, the 180–day waiting period had long since passed when he filed this action on November 14, 1990. Defendants, on the other hand, maintain that Patel did not file his formal complaint with the agency until October 25, 1990, if at all.[5] Thus, according to defendants, 180 days had not elapsed when plaintiff filed this lawsuit on November 14, 1990.[6]

Federal employees must adhere to a two-step process and three separate time limitations in order to address claims of discrimination in their employment. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1613.211 *et seq.* The first step in the process and the first time limit requires an employee to bring his claims to the attention of an EEO counsel-

---

**4.** In any event, defendants also have moved in the alternative for summary judgment on plaintiff's Title VII claim. The Court alternatively finds that summary judgment also would be appropriate on count I because plaintiff has failed to raise an issue of material fact with respect to his failure to exhaust administrative remedies.

**5.** Defendants dispute whether the October 25, 1990 letter meets the requirements for a formal complaint. However, the VA accepted the letter for initial processing as a complaint even though Hill questioned its timeliness. Patel ap-

parently followed the procedure for filing a formal complaint with the agency by sending his letter within 15 days of receipt of the Notice. *See* 29 C.F.R. § 1613.213(a). For purposes of the pending motion to dismiss, the Court will consider the October 25, 1990 letter as a valid complaint. The Court, however, expresses no opinion on the timeliness of the complaint.

**6.** Similarly, 180 days also had not expired when plaintiff filed his first amended complaint on February 8, 1990, and for the first time included a claim under Title VII.

or within thirty days of the allegedly discriminatory conduct. *See* 29 C.F.R. § 1613.214(a)(1)(i). The EEO counselor then begins the informal "precomplaint processing" stage, which involves counseling and informal information gathering. *See* 29 C.F.R. § 1613.213(a). In the instant case, the Court assumes without deciding that Patel's letter of January 25, 1990 was sufficient to set the "precomplaint processing" stage in motion.

At the "precomplaint processing" stage, however, no formal complaint has yet been filed. The EEO counselor cannot accept a complaint against an agency.[7] Rather, the counselor's role is limited to counseling and conciliation on an informal basis until such time as these efforts fail. At that point, the EEO counselor must notify the employee of his right to file a complaint through a "Notice of Final Interview." An aggrieved employee must receive notice of his right to file a complaint from the EEO Counselor *before* he can file a formal complaint with the agency. *See* 29 C.F.R. § 1613.-214(a)(1)(ii). According to plaintiff, he did not receive his Notice until October 17, 1990. (*See* Patel Aff. ¶ 15.) Thus, before that date, plaintiff could not have filed a formal complaint with the agency. Accordingly, it is clear that Patel's letter of January 25, 1990 served only to initiate the "precomplaint processing" stage of his administrative proceedings and did not constitute a formal complaint with the agency. Instead, plaintiff plainly intended that his October 25, 1990 letter would serve this purpose. In that letter, plaintiff wrote that "[b]y this letter I am filing my complaint with you, just to comply [with the] 15 day deadline" required by the Notice. (Defendants' Mem.Ex. 11, at 4.) Thus, it is the October 25 letter, not the earlier letter of January 25, that constituted a formal complaint with the agency so as to commence the 180–day waiting period.

■ Moreover, only after the final disposition of the formal complaint by the administrative agency can the claimant proceed to seek review in federal court. *Vinieratos v. United States, Department of Air Force,* 939 F.2d 762, 768–69 (9th Cir. 1991). A "final disposition" results when one of the following has occurred: "(a) adoption by the relevant government agency of the EEO counselor's final report, (b) a final decision by the EEOC, if the claimant appeals to the EEOC, or (c) passage of 180 days without receipt of a final decision by either the relevant agency or the EEOC." *Id.* at 769 n. 6; *see also Wrenn v. Secretary, Department of Veterans Affairs,* 918 F.2d 1073, 1077 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1625, 113 L.Ed.2d 721 (1991); *Rao v. Baker,* 898 F.2d 191, 193 (D.C.Cir.1990). The 180–day time limit under option (c) above runs from the time a formal complaint is filed with the agency. 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1613.281(b); *see also* 29 C.F.R. § 1613.214(a)(3). Patel filed no such complaint until October 25, 1990; he then proceeded to this Court on November 14, 1990. Thus, assuming that plaintiff's October 25 letter was his formal agency complaint for purposes of 29 C.F.R. § 1613.214(a)(1)(ii), there clearly was no "final disposition" of that complaint when he filed the instant action.

In a similar case, the Fifth Circuit considered a premature complaint filed in federal court just ten days after the plaintiff had filed an appeal of an agency decision with the EEOC. *Tolbert v. United States,* 916 F.2d 245 (5th Cir.1990). Under the applicable EEOC regulations, an identical 180–day waiting period applies once such an appeal is filed with the Commission. *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1613.281(d). In these circumstances, the Fifth Circuit concluded that "it seems obvi-

---

**7.** EEOC regulations specify that "[t]he appropriate officials to receive complaints are the head of the agency, the agency's Director of Equal Employment Opportunity, the head of a field installation, and such other officials as the agency may designate for that purpose." 29 C.F.R. § 1613.214(a)(2). The Notice sent to Patel listed Hill, the Administrator of Veterans Affairs, the Director of Equal Employment Opportunity, or the Federal Women's Program Manager as appropriate officials to receive Patel's complaint. (Defendants' Mem.Ex. 9.) The EEO counselor was not listed in the Notice, nor is the counselor named by the regulations as someone who can receive or accept a formal complaint.

ous that anyone who files too early, has, by definition, filed before she has exhausted her administrative remedies." 916 F.2d at 248. To hold otherwise, the Court concluded,

> would allow a plaintiff to file an action and begin civil proceedings—discovery, motions to dismiss and for summary judgment, and so on—before completing the course of administrative review. A plaintiff could thereby largely circumvent the rule that she must exhaust her administrative remedies. To allow a plaintiff to proceed in such a fashion would, in short sequence, produce all the evils that are designed to be avoided by requiring exhaustion of administrative remedies.

*Id.* at 249; *see also Vinieratos,* 939 F.2d at 769 ("Having opted initially to pursue relief through the EEO process, appellant was committed. Abandonment of that process in order to pursue another avenue of relief constituted a failure to exhaust the one appropriate administrative remedy he had selected."). Noting that a rule prohibiting a Title VII plaintiff from filing too early "creates no greater burden than does the well-settled prohibition against filing too late," the Fifth Circuit concluded that the plaintiff had failed to exhaust her administrative remedies and that the district court lacked jurisdiction over her claim. *Id.*

Recently, the Seventh Circuit addressed a similar situation in an Age Discrimination in Employment Act ("ADEA") case. *See McGinty v. United States Department of the Army,* 900 F.2d 1114 (7th Cir.1990). In *McGinty,* the plaintiff had filed an age discrimination lawsuit in federal court after the Army had denied her complaint but before she had filed an appeal with the EEOC. *Id.* at 1115. The district court dismissed plaintiff's claim for lack of subject matter jurisdiction, finding that plaintiff had failed to *completely* exhaust her administrative remedies. *Id.* at 1115–16. The Seventh Circuit affirmed the district court's decision, agreeing with those decisions which have found that "administrative remedies, once initiated, must be exhausted before a suit may be filed." *Id.* at 1117. In so doing, the Court of Appeals

adopted the rationale of a Third Circuit decision which mirrors that set forth in *Tolbert. Id.* The Third Circuit explained in *Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981), *cert. denied,* 462 U.S. 1131, 103 S.Ct. 3110, 77 L.Ed.2d 1365 (1983), that

> [a]llowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient claimant could take his claim to court and abort the administrative proceedings. Moreover, such a course would unnecessarily burden courts with cases that otherwise might be terminated successfully by mediation and conciliation.

*See also Vinieratos,* 939 F.2d at 771 (discussing *McGinty* ); *Chennareddy v. Bowsher,* 935 F.2d 315, 321 (D.C.Cir.1991) (collecting cases); *Wrenn,* 918 F.2d at 1078; *Bornholdt v. Brady,* 869 F.2d 57, 63 (2d Cir.1989); *Rivera v. United States Postal Service,* 830 F.2d 1037, 1039 (9th Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1737, 100 L.Ed.2d 200 (1988); *Castro v. United States,* 775 F.2d 399, 404 (1st Cir.1985); *White v. Frank,* 718 F.Supp. 592, 596–97 (W.D.Tex.1989), *aff'd,* 895 F.2d 243 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990). The Court finds that the rationale of *McGinty* and similar ADEA cases is equally compelling in the instant Title VII action. *See Tolbert,* 916 F.2d at 248–49 & n. 1 ("The same reasons that counsel against allowing complainants to abandon their ADEA administrative actions also counsel against allowing abandonment of Title VII appeals to the EEOC."). To permit plaintiff to file a civil action in federal court after the filing of a formal complaint with the agency, but prior to the expiration of the 180–day waiting period, would render a nullity the statutory and regulatory requirements set up by Congress and the EEOC. The Court cannot allow such a result.

Viewing all facts in the light most favorable to plaintiff, the Court finds that plaintiff filed a grievance with an EEO counsel-

or on January 25, 1990, that he received his Notice of Final Interview on October 17, 1990, and that he filed a formal complaint with the agency on October 25, 1990. Thus, the 180–day waiting period set forth in 29 C.F.R. § 1613.281(b) began to run, at the earliest, on October 25. When Patel filed his action in this Court on November 14, 1990, the agency had not rendered a final decision on his complaint. In fact, the agency continued to process plaintiff's complaint even after the filing of this case. (*See* Plaintiff's Mem.Ex.L.) Plaintiff came to this Court prematurely, and this Court was therefore without jurisdiction to hear his Title VII claim. Moreover, the fact that 180 days have since passed while this case has been pending does not cure plaintiff's error. Such a rule would permit plaintiff to file prematurely and then to wait out the 180–day period in this Court. Subject matter jurisdiction is lacking due to plaintiff's failure to exhaust his administrative remedies. Defendants' motion to dismiss count I of the first amended complaint is granted.

### B. Count II—First Amendment Claim.

█ Defendants also have moved to dismiss count II for lack of subject matter jurisdiction. Defendants argue that plaintiff's first amendment claim must be dismissed because Title VII and the Civil Service Reform Act provide the comprehensive and exclusive remedies for federal employees who charge discrimination or retaliation in their employment. *See Bush v. Lucas,* 462 U.S. 367, 390, 103 S.Ct. 2404, 2417, 76 L.Ed.2d 648 (1983); *Brown,* 425 U.S. at 829, 96 S.Ct. at 1967; *Feit v. Ward,* 886 F.2d 848, 855–56 (7th Cir.1989); *Germane v. Heckler,* 804 F.2d 366, 369 (7th Cir.1986) ("as a federal civil service employee, [plaintiff] cannot state a First Amend-

ment claim"); *see also Kotarski v. Cooper,* 866 F.2d 311 (9th Cir.1989).[8]

Plaintiff has failed to respond to the substantial authority cited by defendants which would require dismissal of his first amendment claim. Instead, plaintiff relies on various decisions which broadly outline the first amendment right to freedom of association.[9] However, none of these cases relates to a federal employee's claim of discrimination, and none rebuts the relevant authority cited by defendants which mandates dismissal of plaintiff's first amendment claim. Based upon the above authority, it is clear to this Court that a federal employee is limited to the remedies for discrimination in the workplace provided by Congress in Title VII and the Civil Service Reform Act. Thus, count II of plaintiff's complaint must be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court grants defendants' motion to dismiss count I for lack of subject matter jurisdiction. Defendants' motion to dismiss count II also is granted. Plaintiff's complaint is dismissed with prejudice.

---

**8.** Defendants also contend that even if the Court has subject matter jurisdiction over the first amendment claim, count II fails to state a claim. Defendants argue that plaintiff's conversations with African–American employees fall outside the scope of protected association under the first amendment because the conversations did not involve matters of public concern. Because the Court finds that it has no subject matter jurisdiction over plaintiff's first amendment claim, it expresses no opinion on whether count II is sufficient to state a claim for relief under the first amendment.

**9.** Plaintiff's counsel made similar first amendment arguments before Judge James B. Parsons in *Anthony v. Derwinski,* 1991 WL 95055, 1991 U.S.Dist. LEXIS 7042 (N.D.Ill. May 20, 1991). Judge Parsons rejected as irrelevant the same first amendment cases cited by plaintiff, finding no subject matter jurisdiction for the first amendment claim in that case.