**UNITY SAVINGS ASSOCIATION, an Illinois stock savings and loan association; and Bass Financial Corporation, a Delaware corporation, on behalf of itself and derivatively on behalf of Unity Savings Association, Plaintiffs,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, in its capacity as an insurance corporation and in its capacity as receiver of the seized assets of the business of Unity Savings Association; Federal Home Loan Bank Board, an administrative agency of the United States Government; Richard Pratt and Andrew Di Prete, members of the Federal Home Loan Bank Board; and H. Brent Beesley, director of the Federal Savings and Loan Insurance Corporation, Defendants.**

**No. 82 C 1763.**

United States District Court,
N.D. Illinois, E.D.

May 31, 1983.

Michael Braun, Feiwell, Galper & Lasky Ltd., Chicago, Ill., for plaintiffs.

Dan K. Webb, U.S. Atty., Robert W. Patterson, John L. Rogers, III, Hopkins & Sutter, Chicago, Ill., for defendants.

**MEMORANDUM OPINION**

FLAUM, District Judge:

This matter is before the court on the following motions: (i) the motion of defendant Federal Savings and Loan Insurance Corporation ("FSLIC"), in its corporate capacity and as receiver for plaintiff Unity Savings Association, an Illinois stock savings and loan association ("Unity"), and defendant Federal Home Loan Bank Board ("FHLB") to dismiss Count IV of the complaint against them for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"), or, in the alternative, for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") or for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"); (ii) the separate motion of FSLIC and FHLB for summary judgment on Count I, Count II and Count III of the complaint against them pursuant to Federal Rule of Civil Procedure 56(c) ("Rule 56(c)"); and (iii) the motion of defendant Richard Pratt, a member of FHLB ("Pratt"), defendant Andrew DiPrete, a member of FHLB ("DiPrete"), and defendant H. Brent Beesley, director of FSLIC ("Beesley"),[1] to dismiss the complaint against them for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). For the reasons set forth below, the motion of FSLIC and FHLB to dismiss Count IV of the complaint against them is denied, the motion of FSLIC and FHLB for summary judgment is granted with respect to Count I, Count II and Count III and the motion of the Individual Defendants to dismiss the complaint against them is granted.

Unity and plaintiff Bass Financial Corporation, a Delaware corporation ("BFC"), on behalf of itself and derivatively on behalf

---

1. FSLIC, FHLB, Pratt, DiPrete and Beesley sometimes referred to collectively as "Defendants" and Pratt, DiPrete and Beesley sometimes referred to collectively as the "Individual Defendants".

of Unity,[2] filed this lawsuit as a result of what Plaintiffs allege was the illegal seizure of Unity by Defendants on February 20, 1982. In the first three counts of their amended complaint (the "Complaint") Plaintiffs allege that the three statutory prerequisites for an *ex parte* seizure of a savings institution were not met. In Count IV Plaintiffs allege that systematic and intentional acts by Defendants forced Unity into a position of near insolvency thereby depriving Plaintiffs of their right to equal protection of the laws under the Fifth Amendment to the United States Constitution.

The National Housing Act, 12 U.S.C. §§ 1701–1750g (1976 & Supp. I 1977, Supp. II 1978, Supp. III 1979, Supp. IV 1980 & Supp. V 1981) (the "Housing Act") empowers FHLB to appoint FSLIC as receiver for the assets of a state-chartered FSLIC-insured savings and loan association in the event FHLB determines: (i) that the institution has been closed by or under state law; (ii) that the assets of the savings and loan are less than the institution's obligations to its creditors and others including its members and/or an unsafe or unsound condition to transact business exists; and (iii) one or more holders of withdrawable accounts at the savings and loan is unable to obtain a withdrawal of his account in whole or in part. *See* 12 U.S.C. § 1729(c)(2) (1976 & Supp. II 1978) ("Section 1729(c)(2)"). *See also* 12 U.S.C. § 1464(d)(6)(A) (1976 & Supp. I 1977, Supp. II 1978, Supp. III 1979 & Supp. IV 1980). Closed savings and loan may challenge the appointment of FSLIC as receiver by bringing an action pursuant to 12 U.S.C. § 1464(d)(6)(A) (1976 & Supp. I 1977, Supp. II 1978, Supp. III 1979 & Supp. IV 1980) ("Section 1464(d)(6)(A)").

In support of their motion to dismiss Count IV of the Complaint against them pursuant to Rule 12(b)(1) FSLIC and FHLB contend that Section 1464(d)(6)(A) is the exclusive remedy for removing FSLIC as receiver. While it is true that Section 1464(d)(6)(A) provides the exclusive remedy if the Section 1729(c)(2) preconditions for appointment of FSLIC as receiver are not met,[3] Section 1464(d)(6)(A) should not be construed so as to foreclose an inquiry into the constitutionality of the manner in which FHLB proceeded. *Cf. Apter v. Richardson,* 510 F.2d 351, 355 (7th Cir. 1975) ("[w]here it is alleged that the agency has transgressed a constitutional guarantee or violated an express statutory or procedural directive, otherwise non-reviewable agency action should be examined to the extent necessary to determine the merits of the allegation".) Since this court has jurisdiction over questions of federal law pursuant to 28 U.S.C. § 1331 (1976), the court concludes that it would be improper to dismiss Count IV against FSLIC and FHLB for lack of subject matter jurisdiction.[4]

FSLIC and FHLB contend that even if this court has subject matter jurisdiction over Count IV, this Count should be dismissed against them for failure to state a claim upon which relief can be granted

---

**2.** Unity and BFC sometimes referred to collectively as "Plaintiffs".

**3.** See 12 U.S.C. § 1464(d)(6)(C) (1976 & Supp. I 1977, Supp. II 1978, Supp. III 1979 & Supp. IV 1980 ("Section 1464(d)(6)(C)"). Section 1464(d)(6)(C) provides that "[e]xcept as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver". *Id.*

**4.** Rule 12(b)(1) requires that an action be dismissed if the court lacks jurisdiction over the subject matter of the lawsuit. *See* Fed.R.Civ.P. 12(b)(1). In determining whether subject matter jurisdiction exists, a court is to look to whether the complaint purports to state a claim under federal law. *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946). The validity of the claim is not an issue for Rule 12(b)(1) purposes unless the federal claim appears to be immaterial and made solely to come under the jurisdiction of the federal courts or the federal claim is wholly insubstantial and frivolous. *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 279, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977); 327 U.S. at 682–83. Based on the record before it, the court concludes that Plaintiffs' federal claim is not immaterial or wholly insubstantial and frivolous.

because a rational basis exists for treating stockholder-owned savings and loan institutions differently than mutual associations when mergers are under consideration.[5] While FSLIC and FHLB may be able to show that the standard set forth for evaluating a proposed merger of a stockholder-owned savings and loan had a rational basis, this contention is properly raised in a summary judgment motion. For purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the inquiry is merely whether a claim is stated, not whether it has substantial merit.[6] Consequently, the court will deny FSLIC's and FHLB's motion to dismiss Count IV for failure to state a claim upon which relief can be granted.

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed.R. Civ.P. 56(c). The burden is upon the moving party to establish the lack of a triable issue of fact and the material lodged must be viewed in the light most favorable to the opposing party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ Applying the standard for granting summary judgment to the record with regard to Count I and Count III, the court concludes that summary judgment is appropriate on these Counts. In Count I Plaintiffs allege that Unity was not closed "by or under" state law. This allegation is incorrect because the record clearly indicates that Unity was closed, the only inquiry which is proper under the law in this circuit. *See Telegraph Savings & Loan Association v. Schilling*, 703 F.2d 1019 at 1025 (7th Cir.1983). Similarly, under the law of this circuit, if a savings and loan is closed it is assumed that the depositors cannot withdraw their money, thus meeting the third precondition of Section 1729(c)(2). *See Telegraph Savings & Loan Association v. Schilling*, at 1026. Consequently, the court will grant summary judgment in favor of FSLIC and FHLB with respect to Count I and Count III.

■ In support of their motion for summary judgment on Count II, FSLIC and FHLB contend that the record establishes that the assets of Unity were less than its obligations to its creditors and others, including its members.[7] After considering the record, the court concludes that it adequately establishes that the assets of Unity were less than its obligations to its creditors and others, including its members, and, therefore, will grant FSLIC and FHLB's motion for summary judgment on Count II.

With respect to the Individual Defendants, the court notes that Count I, Count II and Count III do not contain any allegations against the Individual Defendants.

---

**5.** In their motion with respect to Count IV FSLIC and FHLA also ask the court to dismiss this Count against them pursuant to Rule 12(b)(2). Having reviewed the record in light of the standards for dismissing an action for lack of personal jurisdiction, the court concludes that no basis exists for dismissing Count IV pursuant to Rule 12(b)(2).

**6.** Rule 12(b)(6) requires the court to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). Nonetheless, an action should not be dismissed pursuant to Rule 12(b)(6) unless it appears beyond doubt that the plaintiff cannot prove any set of facts to support its claim. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). For purposes of determining whether a Rule 12(b)(6) motion should be granted all of the facts alleged in the complaint, as well as every inference which can fairly be made from these facts, is to be viewed in the light most favorable to the plaintiff. *United Milk Products Co. v. Michigan Avenue National Bank of Chicago*, 401 F.2d 14, 15, 17 (7th Cir.1968).

**7.** In opposing Defendants' motion for summary judgment on Count II Plaintiffs contend that liquidity, not book net worth, is the only meaningful test of insolvency. This approach was recently rejected by the United States Court of Appeals for the Seventh Circuit. *See Telegraph Savings & Loan Association v. Schilling*, at 1027–1028.

Consequently, to the extent that Count I, Count II and Count III are viewed as stating a cause of action against the Individual Defendants, these Counts must be dismissed for failure to state a claim upon which relief may be granted.

■ In Count IV Plaintiffs allege that "[t]he refusal of defendants to approve any of the proposed voluntary plans of merger involving UNITY and other savings and loan institutions ... was based solely upon defendants irrational prejudice against stockholder owned savings and loan institutions", that defendants knew "their arbitrary refusal to approve any of the proposed voluntary plans of merger was forcing UNITY into insolvency", that "[d]efendants acted in concert and conspiracy with each other to attempt to force UNITY into insolvency in order that they could seize all of UNITY's assets and summarily transfer them to Talman" and that "[d]efendants actions deprived Plaintiffs of the equal protection of the laws, in violation of the Fifth Amendment to the Constitution". *See* Amended Complaint, at paragraphs 39–40. Nonetheless, the only remedy that Plaintiffs seek is removal of FSLIC as the receiver of Unity's assets and restoration to Plaintiffs of what was wrongfully taken from them. That relief can only be accomplished by DiPrete and Pratt when acting in their official capacity as members of the FHLB. As such, their actions would be action of the FHLB and the FHLB is the appropriate defendant. Consequently Count IV will be dismissed against the Individual Defendants.[8]

Accordingly, the motion of FSLIC and FHLB to dismiss Count IV of the Complaint against them is denied, the motion of FSLIC and FHLB for summary judgment is granted with respect to Count I, Count II and Count III and the motion of the Individual Defendants to dismiss the Complaint against them is granted.

---

8. To the extent Plaintiffs seek to have Count IV survive against the Individual Defendants as a damages action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the attempt fails. The Complaint does not seek any damages and the Individual Defendants have not been personally served with summons and Complaint. *See Micklus v. Carlson,* 632 F.2d 227, 240 (3d Cir.1980).