**Syed IMAM, Plaintiff,**

v.

**Jesse BROWN, Secretary of the Department of Veterans Affairs, Defendant.**

**No. 92 C 4017.**

United States District Court, N.D. Illinois, Eastern Division.

March 2, 1994.

Armand L. Andry, Law Offices of Armand L. Andry, Oak Park, IL, for plaintiff.

Syed Imam, pro se.

Ramune Rita Kelecius, Asst. U.S. Atty., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

Plaintiff Syed Imam ("Imam") complains he was wrongfully terminated from his position with the Hines Veterans Administration Medical Center ("Hines") because of discrimination based on race, national origin and emotional disability. Imam has brought this action under the Civil Rights Act of 1991 and the Equal Employment Opportunity Act of 1972 seeking back pay as well as declaratory

and injunctive relief.[1] Defendant, the Secretary of the Department of Veterans Affairs, has moved for summary judgment based on Imam's failure to exhaust his administrative remedies.

From January 24, 1982 to August 24, 1990, Imam was employed by Hines as a pharmacy technician. On May 18, 1990, plaintiff's treating physician sent a letter to Hines which stated that plaintiff should not work for approximately six months due to unspecified medical conditions "complicated by the stress of his financial and family circumstances." On May 21, 1990, the Chief of Pharmacy Service sent plaintiff a letter requesting supporting medical documentation from his physician. Imam did not respond.

Beginning June 1, 1990, plaintiff failed to report for work. On June 4, 1990, Hines sent plaintiff a letter by certified mail ordering him to report for duty as scheduled. The letter stated that if plaintiff did not return to work, he would be found absent without leave ("AWOL") and his employment terminated. On June 6, 1990, the Assistant Chief of Pharmacy Service attempted to contact plaintiff by phone. The Assistant Chief spoke to plaintiff's brother who informed him that plaintiff had gone to India[2] and would not be back for three or four months. According to his report, the Assistant Chief informed the brother that plaintiff's job was in jeopardy and requested Imam's forwarding address and phone number. The brother did not have this information.

On July 23, 1990, Hines sent plaintiff a notice of proposed removal by certified mail. The notice charged plaintiff with failing to follow established procedures in requesting leave, as stated in Hospital Policy Memorandum 5–10, and with being absent without leave for a period of 120 hours or longer, in violation of 38 C.F.R. § 0.735–21(6). The notice informed plaintiff of his right to reply to the notice personally and/or in writing.

On August 14, 1990, Hines sent plaintiff a letter by certified mail informing him that the VA had made a final decision to terminate his employment, effective August 24, 1990. Plaintiff's brother signed for the letter on August 31, 1990. The removal letter advised plaintiff of his appeal rights and directed him to contact Deborah Perry of employee relations for further explanation of his rights.

Imam did not become aware of his termination until his return to the United States on September 30, 1990. Plaintiff first made contact with an Equal Employment Opportunity ("EEO") counselor, Norman Hogues, eight days later on October 8, 1990. Unable to resolve the matter informally, plaintiff filed a formal complaint against the Veterans Administration ("VA") on June 18, 1991. In a letter dated July 12, 1991, the VA informed Imam that he had failed to timely contact an EEO counselor within 30 days of his termination as required by 29 C.F.R. § 1613.-214(a)(1)(i). Section 1613.214(a)(1)(i) provides that the agency may accept the complaint only if:

> The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known

---

1. The Civil Rights Act of 1991 amended the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*, while the Equal Employment Act of 1972 amended the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

2. According to the affidavit of Imam's father, Saiyed Muhammad Wasim Moududi, Imam visited him in Pakistan from May to September of 1990. Interestingly, the affidavit states at ¶3 that plaintiff was "jobless" prior to his trip to Pakistan:
   > That [Imam] being jobless and due to strained relation between wife and husband, he fell ill

seriously and could not recover, ultimately in May 1990, I called him to Pakistan for proper treatment and rest at Karachi.

See also the affidavit of Zainul Abideen Jaffri at ¶2:
> That the siad [sic] Mr. Syed Muhammad Afzal Imam was Job less [sic] and also had some matrimonial problems during the the [sic] period May 1990 to September 1990. To sort out these complications, he visited Pakistan during the said periodn [sic] at the request of his father.

of the discriminatory event or personnel action.

The VA informed plaintiff that the agency could extend the 30 day time period under the regulations as follows:

> The agency shall extend the time limits in this section when the complainant shows that he/she was not notified of the time limits and was not otherwise aware of them, was prevented by circumstances beyond the complainant's control from submitting the matter within the time limits; or for other reasons considered sufficient by the agency.

29 C.F.R. § 1613.214(a)(4).

Plaintiff was instructed to provide the VA with reasons for an extension in accordance with this regulation. In a July 26, 1991 letter, plaintiff explained that he was late in contacting an EEO counselor because there were no counselors available to act on his claim. Plaintiff stated that he made phone calls and paid personal visits to the EEO section at Hines but that the counselors were too busy to take his case. Imam failed to name the counselors who refused to help him or the dates of the attempted contacts.

In a final decision dated October 21, 1991, the VA General Counsel rejected plaintiff's discrimination complaint for failure to provide a sufficient reason for contacting an EEO counselor beyond the 30 day period. Plaintiff appealed the agency decision on November 4, 1991. Plaintiff argued on appeal that he did not receive his notice of termination until September 30, 1990 and that he could not contact the EEO office until October 1, 1990 due to circumstances beyond his control. The EEOC rendered a final decision on January 23, 1992 and affirmed the VA's determination that plaintiff's complaint was untimely. In refusing Imam's appeal of the final agency decision, the EEOC cited past Commission decisions that when notice is received by a complainant's family member at the complainant's last known address, the time period begins to run absent adequate justification for tolling it.[3]

Plaintiff moved to re-open and reconsider his case on February 27, 1992. On May 21, 1992, the EEOC denied plaintiff's request for reconsideration. Plaintiff subsequently commenced this action in federal court.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c). Rule 56 further provides that a party opposing a properly supported motion for summary judgment "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

Congress passed Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., in an effort to secure equality of opportunity in employment regardless of race, color, religion, sex or national origin. Title VII was amended in 1972 to extend the protection of the Act to federal employees. *Rennie v. Garrett,* 896 F.2d 1057, 1059 (7th Cir.1990). Title VII requires complainants to exhaust their administrative remedies before filing their claims in federal court. For example, a federal employee seeking Title VII relief must comply with three separate time limits at the administrative level. *Id.* at 1059. The first two are imposed by the regulations promulgated under the authority of the statute and the third is imposed by the statute itself. The first time limit requires a federal em-

**3.** Three EEOC decisions are cited: *Robert Fisher v. United States Postal Service,* EEOC Request No. 05900389 (May 3, 1990) (refusing to extend the 20–day time limit for appealing final agency decision where wife certified receipt of the decision while complainant was on vacation without access to a telephone); *Lena Hollins v. Department of the Treasury,* EEOC Request No. 05890174 (March 8, 1989) (reaffirming that the 20–day time limit ran from day that member of complainant's household with same last name certified receipt); *Ronnie L. Woodard v. Department of Defense,* EEOC Request No. 05870036 (June 2, 1987) (refusing to extend appeal period beyond 20 days though neither complainant nor his attorney had actual notice of the agency's final decision until day after complainant's parent certified receipt).

ployee to bring any complaint to the attention of an EEO counselor within thirty days of the occurrence of the conduct giving rise to the complaint. 29 C.F.R. § 1613.-214(a)(1)(i). If the complaint cannot be resolved informally by the EEO counselor, then the federal employer will issue a notice of a right to file a complaint to be processed administratively.

The second time limit provides that the federal employee must file a formal written complaint with the agency's Director of Equal Opportunity or other designated official within fifteen days after the receipt of the notice of a right to file a complaint. 29 C.F.R. § 1613.214(a)(1)(ii). The third time limit provides that any appeal to the federal district court must be filed within thirty days of notice of the final action taken by the department or agency. 42 U.S.C. § 2000e–16(c). This statutory section also provides that the complainant may file an appeal in federal district court within 180 days of the date on which the formal agency complaint was filed if the agency or department has failed to take action on the complaint.

The first of these time limits is at issue in this case. The Seventh Circuit has held that the administrative deadline contained in 29 C.F.R. § 1613.214(a)(1)(i), which requires a federal employee to bring a complaint to the attention of an EEO counselor within thirty days of the conduct giving rise to the complaint, should be construed as a statute of limitations and not as a jurisdictional prerequisite. *Rennie*, 896 F.2d at 1062. Plaintiff contends the statute of limitations did not begin to run until plaintiff opened his mail on his return to the United States and therefore his complaint eight days later was timely.

In *St. Louis v. Alverno College*, 744 F.2d 1314 (7th Cir.1984), the Seventh Circuit rejected plaintiff's argument that the statute of limitations did not begin to run until plaintiff actually received notice of his right to sue. There, plaintiff moved from Milwaukee to Texas while his administrative complaint was pending but did not inform the EEOC of his change of address. The district court determined that plaintiff was responsible for informing the EEOC of his current address and that the delay in filing the action result-

ed from plaintiff's own negligence in fulfilling that responsibility. The Seventh Circuit affirmed the dismissal and held that when plaintiff failed to inform the EEOC of his change of address and took no steps to ensure that his mail would be delivered to his new address, the time limit began running on the date the notice was delivered to the most recent address plaintiff had provided the EEOC. The Court cited to 29 C.F.R. § 1601.7(b), which requires a claimant to give the EEOC notice of any change of address or any prolonged absence from that address, and commented that this regulation made mandatory what was already dictated by common sense. *Alverno College* at 1316. The regulation provides:

> The person claiming to be aggrieved has the responsibility to provide the Commission with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge.

29 C.F.R. § 1601.7(b).

The Seventh Circuit distinguished *Archie v. Chicago Truck Drivers Union*, 585 F.2d 210, 216 (7th Cir.1978) (statutory limit ran from date complainant received right-to-sue letter, not upon wife's receipt of letter) and *Franks v. Bowman Transportation Co.*, 495 F.2d 398, 403–05 (5th Cir.1974), rev'd on other grounds, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) (limitations period did not start to run when notice was received and subsequently lost by complainant's 9–year old nephew), wherein both courts held that the doctrine of constructive receipt was not applicable. *Id.* at 1316. The Court explained that the doctrine of constructive receipt did not apply to the claimants in *Archie* and *Franks* because they did "not receive actual knowledge of their right-to-sue letter through no fault of their own." *Id.* at 1317. "The rationale for the holdings was that a plaintiff should not lose the right to sue because of fortuitous circumstances or events beyond his or her control which delay receipt of the EEOC's notice." *Id.* at 1316.

■ Because of plaintiff's failure to notify his employer of any forwarding address dur-

ing his prolonged absence from late May through September, his failure to take any steps to ensure that his mail was delivered to him or that he could otherwise be contacted during his absence, the court determines that the statute of limitations began to run when the notice of termination was delivered by certified mail to plaintiff's last known address and accepted by his brother on August 31, 1990. The statute of limitations expired 30 days later on September 30, 1990. Plaintiff contacted an EEO counselor on October 8, 1990, eight days after the statute of limitations had expired.

The issue then is whether equitable tolling is warranted to extend the 30 day deadline of 29 C.F.R. § 1613.214(a)(1)(i). As Judge Posner explained in *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 453 (7th Cir.1990), the presumption is that equitable tolling is not warranted when plaintiff could have brought suit before the expiration of the statute of limitations:

> In most cases in which equitable tolling is invoked, the statute of limitations has run *before* the plaintiff obtained information essential to deciding whether he had a claim. This pattern in the cases recognizes implicitly that the statute of limitations is not automatically delayed by the time it takes to obtain such information, since as we have said that will usually be sometime after the claim arose. When as here the necessary information is gathered after the claim arose but before the statute of limitations has run, the presumption should be that the plaintiff could bring suit within the statutory period and should have done so.... We hold that a plaintiff who invokes equitable tolling to suspend the statute of limitations must bring suit within a reasonable time after he has obtained, or by due diligence could have obtained, the necessary information.

Judge Posner further explained that equitable tolling is frequently confused with equitable estoppel and the discovery rule. *Cada*, 920 F.2d at 451. Equitable tolling differs from equitable estoppel, sometimes called fraudulent concealment in the limitations context, in that it does not assume any wrongful effort by defendant to prevent plaintiff from timely filing suit. *Id.* at 451.

Equitable tolling differs from the discovery rule in that "plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant." *Id.* at 451.

Here, plaintiff's arguments for why his discrimination complaint was untimely— that he was out of the country when the notice of termination was mailed and that his four month absence was due to stress—are irrelevant to the issue of equitable tolling. Plaintiff had constructive notice that he was no longer employed by Hines when the notice of termination was mailed to his last known address and accepted by his brother on August 31, 1990. Constructive notice imputes knowledge to the plaintiff of his termination. Plaintiff has made no argument that after learning of his termination, he needed additional time in which to determine that his termination was wrongful. Plaintiff had all the "information essential to deciding whether he had a claim" prior to the expiration of the statute of limitations. *Cada*, 920 F.2d at 453. Equitable tolling is inapplicable.

ORDERED: Defendant's motion for summary judgment is granted. The Clerk is ordered to enter judgment for defendant Jesse Brown, Secretary of the Department of Veterans Affairs, and against plaintiff Syed Imam on a separate document pursuant to FRCP 58.