Gary David **VELICH**, Plaintiff,

v.

Marvin **RUNYON**, Postmaster General, Defendant.

No. 93–C–327.

United States District Court, E.D. Wisconsin.

June 7, 1994.

Gary Seeling, Seeling Law Office, Waukesha, WI, for plaintiff.

Nathan A. Fishbach, Lynne M. Solien, Matthew V. Richmond, Asst. U.S. Attys., Milwaukee, WI, Deborah W. Carlson, U.S. Postal Service, Office of Field Legal Services, Chicago, IL, for defendant.

### ORDER

WARREN, Senior District Judge.

Before the Court is the defendant's Motion to Dismiss for lack of Subject Matter Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") in the above-captioned matter. For the following reasons, the defendant's motion is granted and this case is dismissed with prejudice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 1990, plaintiff Gary Velich applied for a position as a distribution clerk with the U.S. Postal Service (USPS). On January 8, 1991, the USPS advised Mr. Velich that he had been selected for employment as a distribution clerk/machine operator at the Kenosha Post Office. He passed a drug screening test, police check, reference check, and dexterity training; however, a pre-employment physical conducted on January 11, 1991 by the Postal Service's medical officer revealed that Mr. Velich had a draining pilonidal sinus on his spine resulting from his military service. This condition, which periodically causes bleeding and infection, resulted in the military classifying Mr. Velich with a 30%

disability. It was the opinion of the examining physician that Mr. Velich's physical condition would preclude employment as a distribution clerk. On April 29, 1991, Mr. Velich was advised by Kenosha Postmaster W.J. Warren Jr. that he was considered "medically unsuitable" for employment. He was told that his condition could be aggravated by the functional requirements of the position for which he had applied, which involved repeated bending and heavy lifting. No alternative employment positions were discussed.

On December 11, 1991, Mr. Velich contacted an Equal Employment Opportunity (EEO) counselor to complain of handicap discrimination. The EEO counselor advised him, however, that his request for counseling was untimely. On February 8, 1992, he filed a formal EEO complaint of discrimination. On June 19, 1992, the USPS issued a Final Agency Decision letter rejecting Mr. Velich's EEO complaint. In that letter, Mr. Velich was instructed that a 30–day time limit applied to discrimination complaints and that, because his complaint was made "more than seven months" after the challenged incident, the complaint was being rejected as untimely.[1] The letter also advised Mr. Velich that, if he was dissatisfied with the Final Agency Decision, he could file a civil action in federal district court within thirty (30) days.

On April 2, 1993, Mr. Velich filed this action along with requests to proceed *in forma pauperis* and for appointment of counsel. This Court granted him *in forma pauperis* status on April 15, 1993, and in a July 27, 1993 status conference, directed him to contact the *Pro Se* Law Clerk for the Eastern District of Wisconsin in an attempt to secure counsel. The defendant filed the instant motion on August 11, 1993, arguing that this Court lacks subject matter jurisdiction under Rule 12(b)(1) because the plaintiff failed to bring this action within thirty (30) days of receiving the June 19, 1992 Final Agency Decision letter. On September 20, 1993, attorney Gary Seeling was appointed as counsel for the plaintiff; he responded to the

defendant's motion on October 20, 1993, seeking equitable tolling of the thirty-day requirement given Mr. Velich's *pro se* status and purported misleading of the plaintiff as to time limits in the Final Agency Decision letter. The defendants filed a reply brief on November 5, 1993.

## II. STANDARD OF REVIEW

■ "Rule 12(b)(1) requires that an action be dismissed if the court lacks jurisdiction over the subject matter of the lawsuit." *Unity Sav. Ass'n v. Federal Sav. & Loan Ins. Corp.*, 573 F.Supp. 137, 140 n. 4 (N.D.Ill. 1983). When ruling on such a motion, the district court should initially accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir.1993); *Sladek v. Bell Sys. Management Pension Plan*, 880 F.2d 972, 975 (7th Cir.1989). However, the Court "is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the jurisdiction of the ... court to proceed with the action." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979); *Chicago Dist. Council of Carpenters Pension Fund v. Kustom Line Garage Door Co.*, 1989 WL 152531 (N.D.Ill. Dec. 11, 1989). In such circumstances, the Court should "look beyond the jurisdictional allegations in the complaint and view whatever evidence has been submitted on the issue in determining whether in fact subject matter jurisdiction exists." *Grafon*, 602 F.2d at 783; *Chicago Dist.*, 1989 WL 152531, at *1. Where subject matter jurisdiction is at issue, "the party invoking jurisdiction has the burden of supporting the allegations of jurisdictional facts by competent proof." *Grafon*, 602 F.2d at 783; *Geiger v. United States*, 1989 WL 31100 (N.D.Ill. March 28, 1989). *See also Western Transp. Co. v. Couzens Warehouse & Dist., Inc.*, 695 F.2d 1033, 1038 (7th Cir.1982); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 252 (7th Cir.1981). A Rule 12(b)(1) motion cannot "evolve into a dismiss-

---

1. The USPS actually calculated such time to be 226 days, or the time between the April 29, 1991, letter denying employment and Dec. 11, 1991, the date of Mr. Velich's first contacted an EEO counselor.

al [for summary judgment] pursuant to Rule 56." *Capitol Leasing*, 999 F.2d at 191; *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986).

## III. *DISCUSSION*

■ Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*), provides the exclusive remedy for claims of discrimination against a federal employer. *Brown v. General Serv. Admin.*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). *See Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 839–40 (7th Cir.1986).[2] Title VII requires that plaintiffs exhaust their administrative remedies before filing their claims in federal court. *Rennie v. Garrett*, 896 F.2d 1057, 1061–1062 (7th Cir.1990). Failing to file a timely EEO complaint precludes a prospective employee from invoking remedial administrative procedures, a mandatory requirement before bringing a Title VII suit in federal court. *McGuinness v. U.S. Postal Service*, 744 F.2d 1318, 1320 (7th Cir.1984). *See also Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 574–575 (7th Cir.1987).

■ EEOC regulations applicable to this case required an employee to bring any discrimination complaint to the attention of an EEO counselor within 30 days of the occurrence of the conduct giving rise to the complaint. 29 C.F.R. § 1613.214(a)[3]; *Brown*, 425 U.S. at 832, 96 S.Ct. at 1967–68; *Rennie*, 896 F.2d at 1059. Dismissal of an agency complaint for failure to comply with an administrative time limit bars suit in federal

court. *McGinty v. U.S. Dept. of Army*, 900 F.2d 1114, 1117 (7th Cir.1990). Any appeal to the federal district court of a department or agency disposition of a claim must be filed within 30 days of notice of final action taken by the department or agency. 42 U.S.C. § 2000e–16(c).

■ Federal statutes of limitations are subject to equitable defenses. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir.1990), *cert. denied*, 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991). Administrative deadlines are akin to statutes of limitations and are therefore also subject to equitable defenses. *Id.; Rennie*, 896 F.2d at 1062. *See also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

■ The parties in this case do not dispute any material facts. The defendant's position is straightforward: Mr. Velich missed not one but two filing deadlines; he missed them both by months, not days. Because the statute of limitations had expired on both his administrative claim and his court claim, this Court lacks jurisdiction and the action must be dismissed. Mr. Velich argues that, as a lay person, he was unfamiliar with the formalities and technicalities of pursuing a legal claim. He argues that he essentially complied with filing procedures, albeit late, and is entitled to equitable relief because the defendant has not been prejudiced by such delays.[4]

---

2. The Supreme Court recently held that provisions of the Civil Rights Act of 1991, which amend the Civil Rights Act of 1964, do not apply retroactively to cases, such as this one, where the alleged discriminatory conduct occurred prior to its November 21, 1991 effective date. *Landgraf v. USI Film Products*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). Prior to the 1991 Civil Rights Act, 29 C.F.R. § 1613.214(a) provided that:

"The agency may accept the complaint for processing ... only if ... [t]he complainant brought to the attention of the Equal Employment Opportunity Counselor the matter ... within 30 calendar days of the date of the alleged discriminatory event...."

The Civil Rights Act of 1991, not applicable to this case, extends this time limit to forty-five (45) days.

3. *Id.*

4. Ordinarily, equitable defenses to the statute of limitations must be stated on the face of the complaint. *McGinty v. Department of the Army*, 900 F.2d 1114, 1118 (7th Cir.1990). Mr. Velich did not do this. However, because *pro se* litigants are treated gently, *Lockhart v. Sullivan*, 925 F.2d 214, 216 n. 1 (7th Cir.1991); *Godlove v. Bamberger, Foreman, Oswald and Hahn*, 903 F.2d 1145, 1148 (7th Cir.1990), and are commonly required' to comply with standards less stringent than those applied to expertly trained members of the legal profession, *Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980); *Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir.1984), the Court will give full consideration to the equitable defenses claimed by Mr. Velich once he obtained counsel.

Mr. Velich first seeks equitable estoppel of the statute of limitations, but to do so, he must "show that the defendant attempted to mislead him." *Cada*, 920 F.2d at 452. Here, by Mr. Velich's own evidence, the USPS did not mislead him but gave clear notice of the 30–day requirements for both the administrative and court claims.

Secondly, Mr. Velich seeks equitable tolling of the statute of limitations. This doctrine permits a plaintiff to avoid the bar of the statute of limitations if, despite all due diligence, he is unable to obtain vital information bearing on the existence of his claim. *Id.* at 451. Mr. Velich, however, does not allege that new information crucial to his claim came to light after the above-referenced 30–day periods. His complaints, when made, were based on information that was available as of April 29, 1991, the date of the letter denying employment. Equitable tolling "gives the plaintiff extra time if he needs it; if he doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations." *Id.* at 452. Mr. Velich makes no showing that he needed extra time to discover further information, so equitable tolling is not appropriate.

Mr. Velich next makes a general plea for waiver of the statutes of limitations "when equity so requires," citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982). Mr. Velich might have a case on the equities if he had missed a relevant deadline by a few days. But he missed two deadlines; the first by 226 days and the second by 287 days. Furthermore, he was specifically told by the Postal Service that his original administrative claim was denied because it was not timely filed. This should have provided ample warning to Mr. Velich as he pursued his court claim that failure to file on time carries heavy consequences. Moreover, the relief Mr. Velich seeks must be weighed against the important social interests in certainty, accuracy and repose that statutes of limitations protect. *Cada*, 920 F.2d at 453. Filing deadlines are relatively short in employment cases because delay in the bringing of suit significantly affects the employer's potential liability. *Id.* Thus, statutes of limitations

should not be trivialized by "promiscuous application of tolling doctrines." *Id.*

Mr. Velich argues that "a technical reading [of Title VII regulations] would be particularly inappropriate in a statutory scheme in which lay[persons], unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). The technicality in *Love* was a question of whether a complaint needed to be filed both with state and federal EEO officers in order to establish federal jurisdiction. Missing a deadline by a matter of days might be a technicality, but Mr. Velich missed by months—twice—after receiving clear notices and a warning of the consequences. The reading requested by Mr. Velich goes so far beyond technicalities as to give no meaning to the time limits at all.

Time violations much smaller than Mr. Velich's have been held to bar relief. For instance, a manager's age-discrimination complaint was time-barred because he missed a 300–day statute of limitations by something less than 17 days. *Cada*, 920 F.2d at 449. A federal worker was time-barred because he filed 42 days after the alleged discriminatory incident rather than the required 30 days. *Brown*, 425 U.S. 820, 96 S.Ct. 1961.

Further, Mr. Velich undermines his own argument. He first claims to find a 30–day filing requirement something too technical for laypeople to understand. He then claims to have been misled because the June 19 Final Agency Decision letter cited 29 C.F.R. § 1613.–214(a), which applies to (*inter alia*) race and sex discrimination, rather than 5 C.F.R. § 723.140, which applies to handicap discrimination and incorporates the earlier provision by reference. This leaves Mr. Velich arguing improbably that he could *not* understand the phrase "failure to file within 30 calendar days of your receipt of this decision may result in dismissal of the action," but that he *could* locate, analyze and distinguish two detailed C.F.R. sections. Further compromising this argument is the fact that Mr. Velich did indeed find his way to the EEO office and to court; he just didn't do it on time.

Mr. Velich argues that the statute should be tolled in equity because he was pursing a parallel claim with the Department of Veterans Affairs. However, he cites no precedent for such a proposition, and the Court is disinclined to create any. For all these reasons, the Court finds that Mr. Velich's complaint was time barred at both the administrative and district court levels and that, as a result, we lack subject matter jurisdiction to hear his claims.

Finally, Mr. Velich makes a general argument that, by not hiring him, the USPS failed to advance the federal goals of hiring veterans and the handicapped. However, because the Court lacks subject matter jurisdiction over his claims, we are precluded from considering any arguments as to the merits or the validity of this claim.

## IV. *SUMMARY*

For the foregoing reasons, the Court hereby **GRANTS** the defendant's Motion to Dismiss pursuant to Rule 12(b)(1), and **ORDERS** that the above-captioned matter be **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**