Bonnie C. PANKALLA, Plaintiff,

v.

UNITED STATES DEPARTMENT OF TRANSPORTATION, the Honorable Federico Pena, Secretary of Transportation, and the Federal Aviation Administration, Defendants.

No. 94 C 494.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 30, 1994.

Lisa Kane, John Green, Law Offices of Lisa Kane, Chicago, IL, for plaintiff.

Michele Marion Fox, U.S. Attorney's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Bonnie C. Pankalla brings this one count complaint, alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* Presently before the court is defendants' motion to dismiss certain claims of the complaint and to dismiss defendants Department of Transportation and the Federal Aviation Administration. For the reasons set forth below, defendants' motion is granted.

### I. Background

Plaintiff Bonnie C. Pankalla began her career with the Federal Aviation Administration ("FAA") in 1976. She received various promotions over the years, and had reached the position of Manager of the FAA's Los Angeles Flight Standards District Office by early 1990. At that time, she interviewed for the position of Division Manager, Senior Executive Services ("SES"), but was not selected.[1] Later in 1990, Pankalla applied for the

1. Pankalla alleges that, following her interview, she expressed her concern regarding the sexual

Assistant Division Manager position in the Western–Pacific Division, but was again not selected. She was then offered the position of Assistant Division Manager in the Great Lakes Division, which she accepted in early 1991. Later that year, Pankalla submitted a bid for the FAA's SES Candidate Development Program. Following an interview, she was dropped from the selection process. In the spring of 1991, Pankalla submitted her name to the Great Lakes Division Manager to be placed on the union contract negotiation team, but was not selected for a spot on the team. Finally, in 1992, she again applied for the SES Candidate Development Program, but was again turned down. With respect to the Western–Pacific position, the union negotiating team, and the most recent effort to enter the SES Candidate Development Program, Pankalla alleges that male applicants were accepted instead of her.[2] On January 19, 1993, Pankalla filed a complaint of discrimination with the Department of Transportation's Office of Civil Rights. The present action was filed on January 26, 1994.

## II. Motion to Dismiss Standard

 A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Beam v. IPCO Corp.,* 838 F.2d 242, 244 (7th Cir.1988); *Ellsworth v. City of Racine,* 774 F.2d 182, 184 (7th Cir.1985), *cert. denied,* 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We take the "well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff." *Balabanos v. North Am. Inv. Group, Ltd.,* 708 F.Supp. 1488, 1491 n. 1 (N.D.Ill.1988) (citing *Ellsworth* ).

bias of two of the three interviewers to Dan Beaudette, who was the Director of Flight Standards. Beaudette downplayed Pankalla's concerns, noting that a civil rights staff person was present at the interview.

**2.** Pankalla's complaint is silent as to the gender of the successful applicant in the other situations.

## III. Discussion

### A. Statute of Limitations and the "Continuing Violation" Theory

 A federal employee seeking relief under Title VII must meet the various time limits set forth in 42 U.S.C. § 2000e–16 and the regulations promulgated thereto. *Rennie v. Garrett,* 896 F.2d 1057, 1059 (7th Cir. 1990). For purposes of this motion, the relevant regulation is 29 C.F.R. § 1613.214(a)(1)(i), which states as follows:

(1) The agency shall require that a complaint be submitted in writing by the complainant or representative and be signed by the complainant. The complaint may be delivered in person or by mail. The agency may accept the complaint for processing in accordance with this subpart only if:

(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him/her to believe he/she had been discriminated against within 30 calendar days of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that the aggrieved person knew or reasonably should have known of the discriminatory event or personnel action....

The Seventh Circuit has ruled that the thirty day time limit set forth in this regulation is to be treated as a statute of limitations. *Rennie,* 896 F.2d at 1062. Accordingly, absent some basis for tolling the above statute of limitations, Pankalla may only sue upon those actions which took place within thirty days before her initial contact with the DOT's Office of Civil Rights, on January 19, 1993.

 Pankalla does not dispute that the first four instances of discriminatory conduct she alleges fall outside of this time limit.[3]

**3.** Specifically, the four events outside the relevant time frame are (1) the decision not to hire Pankalla for the position of SES Division Manager in 1990; (2) the decision not to hire Pankalla as Assistant Division Manager in the Western–Pacific Region later that year; (3) the decision not to select Pankalla for the SES Candidate Development Program in early 1991; and (4) the

Indeed, the only issue accepted for investigation by the DOT's Office of Civil Rights was whether the decision not to accept Pankalla for the SES Candidate Development Program in 1992 was discriminatory. Pankalla nonetheless asserts that the earlier incidents are appropriately before this court pursuant to the continuing violation doctrine. This doctrine "allows a plaintiff to get relief for a time-barred act by linking it with an act that is within the limitations period." *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir.1992). Of the three possible continuing violation theories, *id.* at 565, only one is relevant here. Under this theory,

> the plaintiff charges that the employer has, for a period of time, followed a practice of discrimination, but has done so covertly, rather than by way of an open notorious policy.... In such cases the challenged practice is evidenced only by a series of discrete, allegedly discriminatory, acts.

*Stewart v. CPC Int'l, Inc.,* 679 F.2d 117, 121 (7th Cir.1982). The Fifth Circuit has articulated, and the Seventh Circuit has adopted, three non-exclusive factors to consider in deciding whether a "continuing violation" existed:

> "The first is subject matter. Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation? The second is frequency. Are the alleged acts recurring (e.g., a bi-weekly paycheck) or more in the nature of an isolated work assignment or employment decision? The third factor, perhaps of the most importance, is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate."

*Selan,* 969 F.2d at 565 (quoting *Berry v. Board of Supervisors of L.S.U.,* 715 F.2d 971, 981 (5th Cir.1983)). The *Selan* court also reemphasized the importance of the third factor, degree of permanence. *See Selan,*

969 F.2d at 565 ("This court and others have stressed the significance of the third factor ...").

■ Under this test, we conclude that Pankalla has failed to allege a continuing violation. With respect to the first factor, subject matter, the acts all allegedly stem from gender discrimination, and are thus somewhat related. However, the same type of action was not involved in each situation. *Cf. Selan,* 969 F.2d at 567 (first factor supported finding of continuing violation where acts "involve[d] the same type of action"). That is, on two occasions, she was seeking a promotion, while on one occasion she wished to be included on the union negotiating team, and on the remaining two occasions she sought admittance to the SES Candidate Development Program. Accordingly, while this factor supports a finding of a continuing violation, it does not weigh strongly in Pankalla's favor.

The second factor, frequency, is of even less assistance to Pankalla. Pankalla has not identified regularly recurring discriminatory acts; on the contrary, the incidents of which she complains were more in the nature of "isolated ... employment decision[s]." *Berry,* 715 F.2d at 981. Furthermore, they were, for the most part, made by different individuals in different divisions of the FAA across the country. This fact further supports a conclusion that the various decisions were sufficiently random and isolated to put Pankalla on notice of several separate incidents of alleged discrimination, rather than to establish a pattern of discrimination. Accordingly, we conclude that this factor militates against a finding of a continuing violation. *See Selan,* 969 F.2d at 567; *Zewde v. Elgin Community College,* 601 F.Supp. 1237, 1243 (N.D.Ill.1984).

Finally, the third, and most important, factor, degree of permanence, also weighs against such a finding. Pankalla has not suggested that she perceived any of the employment decisions at issue to be temporary. On the contrary, the discriminatory acts which she alleges are the type of permanent decisions which should alert an employee to

decision not to select Pankalla to serve on the union negotiation team, also in 1991.

possible discrimination. *See Selan,* 969 F.2d at 567; *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir.1981) ("Absent special circumstances, a single act by an employer adverse to an employee's interest, such as discharge, layoff, or failure to transfer or promote, begins the running of the statute of limitations and the natural effects of the allegedly discriminatory act are not regarded as 'continuing.' ").[4]

On balance, then, and viewing all inferences in Pankalla's favor, we conclude that Pankalla has failed to allege a continuing violation. The sporadic nature of the employment decisions, when coupled with the permanent nature of those decisions, clearly "negates the contention that the acts were continuous or connected." *Selan,* 969 F.2d at 567. Accordingly, defendant's motion to dismiss the claims related to the first four incidents of alleged discrimination is granted, at least to the extent that Pankalla is seeking to obtain relief based on those claims. We observe, however, that these incidents may nonetheless play a role in the present lawsuit. As the Supreme Court has noted:

> A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered it is merely an unfortunate event in history which has no present legal consequences.

*United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977). We do not reach here whether the first four incidents constitute "relevant background evidence;" that is an issue more appropriately resolved in the context of a motion in limine. We include the above quote merely to highlight the limits of the present opinion: Pankalla's first four incidents of alleged discrimination are time-barred, and thus cannot provide the basis for relief in this action.[5]

**B. Proper Defendants**

Defendants have also moved to dismiss the Department of Transportation and the Federal Aviation Administration as defendants, noting that the only proper defendant in a Title VII suit is the head of the agency accused of having discriminated against the plaintiff. *See* 42 U.S.C. § 2000e–16(c). Plaintiff concurs in this assertion, and therefore has no objection to defendants' motion. Accordingly, we dismiss the DOT and the FAA from this action.

**IV. Conclusion**

For the reasons set forth above, defendants' motion to dismiss certain claims of the complaint and to dismiss the Department of Transportation and the Federal Aviation Administration is granted. It is so ordered.

---

**4.** While Beaudette's assurances to Pankalla following her interview for the Division Manager SES position in 1990 may support tolling of the statute of limitations period following that incident, Pankalla does not allege that she received any assurances of non-discrimination following the three subsequent adverse employment decisions at issue here. Accordingly, even if we were to consider Beaudette's comments relevant, our decision with respect to this motion would remain the same, since Pankalla should have been on notice of the alleged discrimination after each of the subsequent employment decisions.

**5.** Any other involvement those incidents might have, if any, in the present lawsuit can be considered at a later, more appropriate date.